HENRY JARMAN vs. RICHARD W. WARD.

In actions to recover the possession of personal property, the plaintiff may not, if he please, make the affidavit and give the undertaking required for the immediate delivery of the property to him. If he do not his judgment, if he succeeds, is for the possession of the property, or for its value, and damages for detention, as in the old action of *detinue*.

*Love* v. *Comr's* of *Chatham*, 64 N. C. 706 and *Mervin* v. *Ballard*, 66 N. C. 398, cited and approved.

Civil action heard upon demurrer to the complaint, before *Clarke, J.*, at Spring Term, 1872, of the Superior Court of ONSLOW. His Honor sustained the demurrer and the plaintiff appealed.

The facts and substance of the pleadings are sufficiently stated in the opinion of the Court.

*Hubbard* and *Haughton* for the plaintiff.
No counsel for the defendant.

PEARSON, C. J. This is an action to recover the possession of personal property, and damages for the detention.

The complaint alleges an *executed* contract for the sale of two steers, and a cow and calf, by force of which the ownership was vested in the plaintiff. The plaintiff does not make the affidavit or give the undertaking as required by C. C. P., secs. 177, 179. To this the defendant demurs, and for ground of 177 demurrer specifies: "The action is for claim and delivery of personal property, and the plaintiff has not complied with C. C. P., sec. 177, 178, 179, (ch. 11, page 63.)"

This presents the question : Is the affidavit and undertaking required to be filed in all actions to recover the possession of personal property; or may the plaintiff, if he chooses, allow the property to remain in the possession of the defendant, *pending the action*, and thus avoid the necessity of making the

affidavit or of giving the *undertaking*, which latter requisite plaintiffs may not in all cases be able to comply with?

We think it clear, by an examination of C. C. P., that, in this action, if the plaintiff is content to let the property continue in the possession of the defendant *pending the action*, he is not required to make the affidavit or give the undertaking required by sections 177, 178, 179. It is then, in effect, the old action of *detinue*, and the judgment set out in sec. 251, C. C. P.; "In an action to recover the possession of personal property, judgment for plaintiff may be for the possession, or for the value of the property (in case a delivery cannot be had) and damages for the detention," &c.

It is only in cases when the plaintiff seeks to have the property delivered to him *instanter* and to have the possession *pending the action*, as in the old action of *replevin*, that the affidavit and undertaking are required.

This is obvious by looking at C. C. P., title IX, "Of provisional remedies in civil actions," ch. 1, Arrest and Bail, ch. 2 Claim and Delivery of Personal Property. This *provisional* remedy pre-supposes an original remedy. in which the provisional remedy may or may not be applied for.

This general view of the subject does not seem to have suggested itself to his Honor, or to the counsel, nor was C. C. P., sec. 251, adverted to:

The demurrer is overruled, and there should be judgment that the plaintiff recover the two steers and the cow and calf, (which are described with great certainty in the complaint,) together with damages for the detention and costs, and in case the property, or any part of it, cannot be had, then that he recover damages by way of valuation in addition to damages for the detention.

The case is remanded, to the end that the amount of damages may be enquired of, and final judgment be entered in the Superior Court; unless the defendant be allowed to amend his pleadings, by withdrawing the demurer and putting in an

3

answer.  *Love* v. *Com'rs of Chatham*, 64, N. C. 706.  *Mervin* v. *Ballard*, 66, N. C. 398.

Defendant to pay costs in this Court, and judgment on the undertaking for the appeal.

This will be certified.

PER CURIAM.                               Judgment reversed.