J. R. HOPPER v. W. J. T. MILLER and others.

*Practice — Claim and Delivery — Action by Bailee.*

One in the rightful possession of property as bailee can maintain an action of claim and delivery against a wrong-doer depriving him of possession; *Therefore*, where the plaintiff was in possession of a mule under an agreement with the owner either to pay him $30 at the end of the year as the hire of the mule, or $110 and acquire an absolute ownership thereof; *Held*, that the plaintiff was entitled to recover in an action against the defendants for converting the mule.

*(Barwick* v. *Barwick*, 11 Ire. 80; *Jarman* v. *Ward*, 67 N. C. 32, cited, distinguished and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of CLEAVELAND Superior Court, before *Schenck, J.*

The action was brought to recover possession of a mule or the price thereof. The plaintiff testified in his own behalf that he lived in South Carolina and in August, 1875, loaned his father the mule to drive to Shelby in said County ; that the mule was worth $110 and that he had demanded possession of the same before the commencement of this action.

He further testified on cross-examination, that he got the mule of one Brown who was his landlord in the Spring of 1875, and in the ensuing Fall was to pay Brown $30 for the hire of the mule, or $110 and keep the mule. The amount paid by plaintiff under this contract was $30.

Brown corroborated the statement of plaintiff, and further testified, that the plaintiff was not to have any right or title to the mule until he paid for it, if paid for within a year ; that after the mule was taken by defendants, he went to Shelby, claimed the property, demanded possession and made an ineffectual effort to compromise the matter ; that upon his return to his home in South Carolina, he took

plaintiff's note for $110 less $30 (paid as aforesaid' and also took a mortgage on the mule to secure the payment of the note.

The defendants admitted the taking, demand and refusal.

Upon the issue submitted and under the instructions of the Court the jury found "that the plaintiff did not own the mule in controversy in August, 1875."

Judgment for defendants. Appeal by plaintiff.

*Messrs. R. McBrayer, J. F. Hoke* and *Smith & Strong*, for plaintiff, cited Story on Bailments 93, 94; 2 Kent Com. 585; *Nicholls* v. *Bastard*, 2 C. M. & R. 659, and Pomeroy on Remedies, &c. 662.

*Messrs. W. J. Montgomery* and *Shipp & Bailey*, for defendants, cited *Creach* v. *McRae*, 5 Jones 122; *Houston* v. *Bibb*, Ibid, 83; *Barwick* v. *Barwick*, 11 Ire. 80; *Foscue* v. *Eubank* 10 Ire. 424; *Shepard* v *Edwards*, 2 Hay. 186; C. C. P. § § 55, 177.

PEARSON, C. J. On the argument, the counsel of defendants relied upon *Barwick* v. *Barwick*, 11 Ire. 80, to sustain the ruling in the Court below.

That case has no bearing upon our case. There the plaintiff was *wrongfully in possession*, and the defendant wrongfully converted it the owner being known; and it is held that the plaintiff could not recover the *value* of the property, for if the defendant satisfied the judgment, that would not give him a good title, and he would still be exposed to the action of the owner and be forced to pay for the property a second time. The case is distinguished from *Armory* v. *Delamirie*, 1 Smith's L. C. 151, on the ground that in that case the owner was unknown, and so the defendant was not exposed to a double liability.

In our case the plaintiff had a *rightful possession* of the mule, as a bailee for hire for the term of one year with the right to acquire the absolute ownership by the payment of $110 as the price of the mule, otherwise to pay $30 for the year's hire.

The question is, can the plaintiff maintain an action to recover the mule or the value thereof against a wrongdoer?

A bailee for one year or for any definite time has a special ownership. The general ownership being in the bailor, it follows, if the property be lost by death or by larceny or otherwise, the loss for the term of the bailment falls upon the bailee, and for the ultimate estate it falls upon the bailor.

It is settled that in an indictment for larceny, the thing may be charged as the property of the bailee and the bailee may have replevin or detinue, so as to have the thing for the bailor at the end of the bailment. It is also well settled that the bailee may in an action of trover recover the value of the property, and will hold the money for the bailor, in place of the thing for which the bailment makes him responsible, and that the bailor cannot have an action against one of whom the bailee has recovered judgment, and from whom he has received the value of the thing; for the payment of the price is a judicial sale and vests the title in the defendant. See the authorities cited in the brief of the counsel of plaintiff.

Under C. C. P. § 176, the action of "claim and delivery" is a substitute for the action of replevin if bond be given by the plaintiff, if not it is a substitute for the action of detinue or trover. *Jarman* v. *Ward*, 67 N. C. 32. Either of these actions may, as we have seen, be maintained by a bailee for one year or for any definite time. The fact that in our case the plaintiff was a bailee for one year, but had a farther right on the payment of $110 to hold the mule as absolute owner, makes his case the stronger. And the fact

that after the commencement of the action he gave his note to the bailor for the $110 and secured its payment by mortgage, makes it still stronger, for it explains the testimony of Brown, i. e. that plaintiff was to have no "title, right or interest in the mule until it was paid for;" and shows it to mean merely that Brown retained the title as a security for the price, but the special ownership was in the plaintiff as bailee for one year, to be enlarged into an absolute estate on payment of $110.