STATE v. W. F. SMITH.

*Drummers—License—Intent.*

1. A drummer is not protected from the penalty imposed by the statute against persons selling goods without license, unless he shall be in the actual possession of the license at the time that he makes the sale.

2. When an act forbidden by law is done, *the intent to do the act* is the criminal intent, and no one violating the law can be heard to say that he had no criminal intent in doing the act.

3. When the act itself is equivocal, and becomes criminal only by reason of the intent with which it is done, both must unite to constitute the offence, and both must be proved in order to warrant a conviction.

(*Lewis* v. *Dugar,* 91 N. C., 16; *State* v. *King,* 86 N. C., 603; *State* v. *Voight,* 90 N. C., 741, cited and approved).

INDICTMENT tried before *Avery, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of BURKE county.

The defendant, agent of the mercantile house of Whiteley, Tapscott & Melville, doing business in Baltimore, is charged with violating section twenty-eight of the act to raise revenue, which was ratified and took effect on March 12, 1885, in selling

by sample and at wholesale, certain goods specified in the indictment, and without license therefor, on April 16, 1885, to T. T. Daves & Bro., at Morganton in this State.

It was in evidence that his principals had paid for and obtained a license, in the defendant's possession at the time of sale, which had however expired, and that they had on January 26, preceding, taken out another for the present year, of which the defendant was not in possession when he made the sale. The defendant, examined on his own behalf, stated that when he left Baltimore, he intended to bring out with him the license last issued, but by mistake, as he discovered in looking over his papers previous to the day of sale, had taken possession of that which had expired.

He stated further, that his principals had another agent in the same service in the State, but whether they had secured another license to protect his operations also, he was unable to say.

1. His counsel contended that as the license issued in January, while the revenue law, enacted at the previous session of the General Assembly, was in force, and the offence was under a corresponding section made an offence with a punishment prescribed which was within the cognizance of a justice of the peace, an indictment in the Superior Court would not lie.

2. That actual possession of the license at the time of the sale was not required for his protection against the penalty.

3. That it was incumbent on the State to prove a criminal intent in the defendant, in order to make the act a misdemeanor.

These instructions, terminating in a request to charge the jury to find for the defendant, were refused, and the Court directed the jury as follows:

1. If the defendant made sale of the goods in April, his offence would fall under the condemnation of the act of 1885, which rendered it illegal, and it was not in any sense *ex post facto*.

2. If the defendant sold the goods, knowing that he had no protecting license with him, in his actual possession, it was a violation of the law.

3. When the intent is not of the essence of the offence, a party doing a forbidden act must be presumed to intend the natural consequences of what he does; and as defendant had testified that he did not have in Morganton at the time of sale, the license of January, produced at the trial, if he sold with knowledge of the fact, it would be presumed that he intended to violate the law.

The jury found the defendant guilty, and from the judgment rendered thereon he appealed.

*Attorney General* and *Reade, Busbee & Busbee,* for the State. No counsel for the defendant.

SMITH, C. J., (after stating the case).    There is no error in the refusal to give the instructions asked for nor in the directions given instead.    The facts of the present case as disclosed in the testimony, bring it directly within the ruling and decision made in *Lewis* v. *Dugar,* 91 N. C., 16, and render any further discussion useless.

The statute has no retro-active energy, and was in force when the criminal act was committed to which it affixes the penalty. It was not required of the State to prove more than that the forbidden act was intentionally done.

As is said by the Court, where a similar defence was set up in *State* v. *King,* 86 N. C., 603.

" When an act forbidden by law is intentionally done, *the intent to do the act* is the criminal intent, which imparts to it the character of an offence; and no one who violates the law, which he is conclusively presumed to know, can be heard to say that he had no criminal intent in doing the forbidden act."    \*    \*    \*

" But when the acts themselves are equivocal, and become criminal only by reason of the intent with which they are done, both must unite to constitute the offence, and both facts must be proved in order to a conviction."    To same effect in *State* v. *Voight,* 90 N. C., 741.

These are the only exceptions shown in the record, and our revising appellate power is exercised in disposing of them. They are untenable, and this will be certified that the Court may proceed to jugment on the verdict.

No error. Affirmed.