S. OTHO WILSON et als. v. H. I. HUGHES.

*Claim and Delivery—Pleadings—Issue—Counter-claim— Warranty—Juror—Damages.*

1. Strictly speaking, there is no such action under The Code as "claim and delivery." The action is for the recovery of a specific chattel, and the delivery of the chattel is a provisional remedy, ancillary, but not essential to such action. If the plaintiff see fit, delivery of the chattel may be waived, and the action prosecuted to recover possession of the chattel, as in the old action of *detinue*, or to recover the value of the property, as in *trover* or *trespass.*

2. In an action for the specific recovery of a horse, the defendant pleaded as a counter-claim, that the plaintiff sold the horse to the defendant, and, at the time of the sale, warranted that he was sound, which warranty was false, in consequence of which the defendant had been damaged ; *Held,* that the counter-claim arose out of the transaction set out in the complaint, and was properly pleaded as a counter-claim.

3. The action of a Court is *in fieri* during the term. So, where a *tales* juror was challenged for cause on the ground that he had a suit pending and at issue, and it appeared that a judgment had been rendered in the suit to which he was a party at the same term, from which an appeal had been taken, but not perfected ; *It was held,* that the challenge was properly allowed.

4. In an action for the specific recovery of a chattel, it is proper to submit an issue ascertaining the value of the chattel at the time the plaintiff sold it to the defendant.

5. Where an issue is submitted, to which no objection is made, the assent of both parties will be presumed.

6. The Court has the right, after the verdict is rendered, to propound questions to the jury for the purpose of ascertaining whether or not it should set aside the verdict.

7. In an action for the specific recovery of a horse, it appeared that the plaintiff sold the horse to the defendant for $60 in cash and his note, secured by a mortgage on the horse for $40. The plaintiff got possession of the horse in the action, and sold him for $20, but after considerable care and attention bestowed on him, sold the horse for $50. It further appeared that the horse was only worth $75 when sold, and that the plaintiff had gotten the larger sum by deceit, which was pleaded as a counter-claim : *Held,* that the defendant was only entitled to recover $5.00.

(*Jarman* v. *Ward,* 67 N. C., 32 ; *Alsbrook* v. *Shields,* Ibid. 333 ; *Hopper* v. *Miller,* 76 N. C., 402 ; *Bitting* v. *Thaxton,* 72 N. C., 54 ; *Walsh* v. *Hall,* 66 N. C., 233 ; *Hurst* v. *Everett,* 91 N. C., 399, cited and approved).

CIVIL ACTION, for the specific recovery of a chattel, tried before *Clark, Judge,* and a jury, at August Term, 1885, of WAKE Superior Court.

The following is the case settled upon appeal for this Court:

"When the case was called for trial, plaintiff moved the Court for judgment on the pleadings, upon the ground that defendant's answer admitted that plaintiffs were the owners and entitled to the possession of the mare, the property in controversy. The motion was denied and plaintiffs excepted.

One Thos. G. Jenkins was called as a tales juror and was challenged by defendant for cause, the cause assigned being that said juror had a cause pending and at issue in said Court. The facts were, that the juror was a party to a cause, which had at a previous term of the Court been referred by consent. The referee had filed his report to this term, which report was confirmed and an appeal taken. Said case was the next preceding case to this one, and this case was immediately called when that case was disposed of, and the appeal therein had not been perfected, no bond having been given, and no permission obtained to appeal without bond.

The Court allowed the challenge for cause, and plaintiffs excepted.

The following issues were submitted:

1. Did the plaintiff warrant the horse to be sound?—Answer. No.

2. Did the plaintiff deceive the defendant by reason of misrepresentations or otherwise?—Answer. Yes.

3. What damage, if any, has the defendant sustained by reason of the breach of said warranty, or said deceit?—Answer. $75.00, value of the horse when sold. .

The Court instructed the jury, that if they should find either the first or second issue in favor of the defendant, then, in response to the last issue, they should find the value of the horse at the sale.

There was no exception to the charge, nor any exception to evidence by the plaintiffs. The third issue, at the beginning of the case, was submitted, as follows:

"What damage, if any, has the defendant sustained by reason of breach of said warranty, or said deceit?"

The defendant's counsel first addressed the jury, and in his opening speech was proceeding upon the third issue as framed, when his Honor from the bench interrupted counsel and said: "Upon reflection, I will suggest to counsel that it will be better to change the third issue, so that the jury may find the value of the horse when sold."

Defendant's counsel turned and faced the counsel for plaintiffs and the Court, and said: "The defendant has no objection to the change in the issue as suggested."

The counsel for the plaintiffs made no objection to the change, and counsel for the defendant proceeded to argue the third issue to the jury, stating that said issue was, "what was the value of the horse when sold?" without objection or interruption from plaintiffs' counsel. There was conflicting evidence as to the horse's value, some witnesses putting it at fifty dollars, others at one hundred dollars. The jury found in response to this issue, "seventy-five dollars, value of the horse when sold."

Judgment was signed, the verdict having by consent been rendered to the clerk. On the second day after the verdict, and after judgment signed, the plaintiffs moved for a new trial upon the ground that the response of the jury to the third issue was ambiguous and not responsive to the issue. The Court stated that it thought the response unambiguous and responsive. The counsel pressing the point, the Court replied: "It is a very intelligent jury, and they are now in Court, and I will ask them what they meant." Counsel for defendant objected that only eleven of the jury were in the box. The Court replied: "I am not taking the verdict of the jury—that has been done and judgment is signed—but merely to satisfy my own mind if there can be any doubt as to what the jury meant, I will ask the foreman." Thereupon the foreman said, "the jury meant exactly what they had responded, $75 value of the horse at the time of the sale, under the instruction given by the Court." Upon the verdict, the plaintiffs moved the Court for judgment for the costs of the action. Motion refused and exception by plaintiffs.

Plaintiffs insisted that the defendant was not entitled to recover judgment against them upon the counter-claim set up in the action, and particularly not for the deceit, and if defendant had been so entitled to recover, he could only recover the sum of five dollars, and not the sum of thirty-five as embraced in the judgment. The evidence was as follows: The plaintiff Wilson, while on the stand, testified that when plaintiffs got possession of the horse, they advertised him for sale, and sold him at the court-house door in Raleigh, under the terms of the mortgage. At the time the horse was delivered to the defendant, he paid the plaintiffs the sum of $60 in cash, and gave his note for $40, secured by a mortgage on the horse; that the horse was bid off by the attorney of witness, for witness, at $20; that witness kept the horse two months, within which time the horse was greatly improved in flesh, he being very poor when taken from defendant, and badly affected with a disease known as scratches; that witness at the end of two months thereafter sold said horse for $50. This was the only testimony on the subject." Motion for a new trial; motion overruled; exception and appeal by plaintiffs.

*Mr. J. A. Williamson,* for the plaintiffs.
No counsel for the defendant.

MERRIMON, J. (after stating the facts). We observe that this is called an "action of claim and delivery." Properly and strictly speaking, there is no such action. The action commonly so-called is an action to recover the possession of personal property—some specific chattel—and is of the nature of the action of *detinue* under the common law method of procedure. "Claim and delivery of personal property" is a provisional remedy, incident and ancillary, but not essential to the action. The object of such incidental provision, is to enable the plaintiff, upon giving an undertaking in double the value of the property in question, with approved security, as required by the statute, to obtain the

immediate possession of the same, unless the defendant shall give a similar undertaking and security for its delivery to the plaintiff, if it shall be so adjudged, and for the payment of such costs as may be adjudged against him in the action. Thus the property or the value of it, is made secure pending the action, in such way as to answer the purpose of the final judgment. This provisional remedy is peculiar to the Code method of procedure, and gives the action something of the nature of the action of *replevin* at the common law.

"Claim and delivery" of the property may be omitted, and the action may be simply to recover the possession of the specific chattel, as in *detinue*, or to recover the value of the property as in trover or trespass. In any case, it is incident to an action, and provisional only. The Code, §§321–333. *Jarman* v. *Ward*, 67 N. C., 32; *Alsbrook* v. *Shields, Ibid.*, 333; *Hopper* v. *Miller*, 76 N. C., 402.

The Court very properly refused to give judgment for the plaintiff upon the pleadings, because, while the defendant in his answer admitted the allegations of the complaint, except so much thereof as alleged the unlawful possession and detention of the property in controversy, he alleged a counter-claim, and the plaintiff's reply to the same, raised issues of fact to be tried by a jury.

The defendant alleged in his counter-claim, that the plaintiff, for the consideration specified, sold and delivered to the defendant, some time before the bringing of the action, a mare, the subject of the action, representing her to be in all respects sound, and giving his warranty to that effect; that afterwards he discovered that the mare was very unsound and of little value, and this the plaintiff well knew at the time he made the false and fraudulent representations of soundness to the defendant; and that he was thereby greatly damaged, &c. This alleged claim, if well founded, existed in favor of the defendant and against the plaintiffs, and there might be a several judgment as between them in respect thereto. It arose out of the transaction set forth

in the complaint, as the foundation of the plaintiffs' claim, and was connected with the subject of the action. It might well be pleaded as a counter-claim. The Code, §244; *Bitting* v. *Thaxton*, 72 N. C., 54; *Walsh* v. *Hall*, 66 N. C., 233; *Hurst* v. *Everett*, 91 N. C., 399.

The exception based upon the ground that the Court allowed the defendant's challenge of the juror cannot be sustained. How the action to which the juror was a party was at issue, does not appear with certainty. The appellant ought, by his exception, to have made this appear with reasonable clearness. As he did not, it must be taken that issues of fact and law were raised by the pleadings, to be tried according to the course of the Court. If so, the juror's action, at the time he was challenged in this action, was still pending, and in the sense of the statute, rendered such juror ineligible in this action. What the Court had done in the action was *in fieri* during the whole term. The Court might set aside, change, or modify its judgment, and order a trial by the jury, or the appellant in that action might perfect his appeal, thus vacating the judgment. Besides, both actions were tried at the same term, it seems, and one just after the other, so that it might be, that the juror challenged having an action, and a party to this action, might collude to thwart the ends of justice. The very purpose of the statute allowing such cause of challenge, was to prevent such possible mischief.

The Court, during the trial, suggested to the parties that the issue in respect to damage be so modified, as that the jury might "find the value of the horse when sold." The parties made no objection, but it is plain from what was done and said, that they, the jury and the Court, accepted and acted upon the suggested modification, and it must be so taken. It had been better if the modification had at once been reduced to writing when suggested, but the issue, as changed, was distinct and simple. Indeed, the Court, under the circumstances, ought to have directed the Clerk to draw out the issues, as modified, after the verdict was rendered. The Court had authority to so direct,

because the verdict was rendered by the jury and received by the Court, as if the modification had been drawn out in writing with the consent of the parties. Moreover, the Court had authority to direct proper issues to be submitted, and this issue, as submitted, was a proper one.

What the Court said to the foreman of the jury, could not affect the regularity and validity of the verdict. The Court simply propounded an inquiry to him for the purpose of obtaining such information as would enable it to determine whether or not it ought to set the verdict aside, and direct a new trial. This it might do. The plaintiffs on the other hand might, with the same view, have shown, if they could, that they were prejudiced by the change of the issue. So far as appears, they did not suffer the slightest injury from it.

It was contended on the argument, that this action is for the "claim and delivery," of the property specified in the complaint; that it is peculiar and exceptional in its nature, and a counter-claim cannot be relied upon in it as a defence, because impertinent. This is a mistaken view. As we have said above, the action is simply one to recover the property, and the provisional remedy of "claim and delivery," brought into it, is incidental and ancillary, its purpose being to preserve the property until, and to answer the purpose of, the final judgment. There is no reason why the defendant in such an action may not rely upon any counter-claim he may have, whether it be legal or equitable or both, just as in other cases.

The allegations and admissions in the pleadings and the findings of the jury upon the issues submitted to them, develop fully the rights, legal and equitable, of the parties in respect to the matter in litigation. In view of the whole, we are of opinion that the Court gave judgment in favor of the defendant for too large a sum of money.

No objection was made to the sale of the mare, under the power of sale in the mortgage, by the plaintiff, so far as appears, nor was it suggested that she was worth more than $20 at the

time of this sale. If the defendant did not approve of the sale, he ought to have raised his objection in some proper way before the Court. If the mare was cured of a disease, and otherwise much improved after the last mentioned sale, and sold for $50, surely the defendant was not entitled to this advantage and increased value. It appears that the plaintiff, on account of the first sale, received $80. The jury found that the mare at the time of this sale, was worth but $75. The defendant then, in view of the facts as settled, was entitled to have from the plaintiffs, but five dollars, and to have judgment for only that sum; and to have the plaintiffs surrender the note for $40 to the end that the same might be cancelled.

Let a judgment be entered here to that effect. The plaintiff is entitled to judgment for the costs of the appeal. *Judgment accordingly.*

Error. , Reversed.