W. C. KISER & CO. v. GEORGE BLANTON.

(Decided December 23, 1898.)

*Claim and Delivery—Mortgage—Justice's Jurisdiction.*

1. While a Justice of the Peace has no equitable jurisdiction and cannot try an action to foreclose a mortgage, yet a mortgagee, after default and refusal, may sue in the Justice's court for the possession of personal property conveyed to him, in the mortgage, when the property demanded does not exceed the value of $50; or he may sue there for his debt secured by mortgage, when the debt does not exceed the value of $200. The first is a proceeding for *tort*—the latter, to enforce a contract.

2. When the mortgaged property consists of several articles of property—the whole exceeding the value of $50, the mortgagee is not bound to sue for the possession of the whole, but may sue, if he sees fit, for any part thereof, and may bring his action in the Justice's court, if that part does not exceed the value of $50.

CIVIL ACTION of claim and delivery for a horse and cow of the value of $25, begun in the Justice's court and taken by appeal of defendant to the Superior Court of LINCOLN County, and heard before *Greene*, *J.*, at Fall Term, 1898.

The plaintiffs claimed the property under a mortgage made to them by defendant to secure a debt of $21.

It was admitted by plaintiff, that in this action he had not asked for all the property contained in the

mortgage, but for only a part thereof, dividing up the articles mentioned in the mortgage for the purpose of conferring jurisdiction upon a Justice of the Peace; and it was further admitted that another action prior to this had been brought in the Justice's court for all the property contained in the mortgage, and the action had been dismissed because the value of said property was more than $50.

His Honor adjudged that the contract could not be split up into several parcels for the purpose of conferring jurisdiction, and that therefore the plaintiffs could not recover in this action.

To this ruling plaintiffs excepted.

It being admitted that the cow and horse, delivered to the plaintiff by the judgment of the Justice, had been sold and could not be returned, a jury was impaneled to ascertain the value of the property taken and damages for retention. The jury found the value to be $17 and the damages nothing.

Judgment in favor of defendant for $17 and costs.

Plaintiffs appealed.

*Mr. S. G. Finley*, for plaintiffs (appellants).
No counsel *contra*.

FURCHES, J.: This action was commenced before a Justice of the Peace by the plaintiff mortgagee against the defendant mortgagor, for the possession of a horse and a cow, conveyed in the mortgage. The debt secured was $21 and the property sued for was found by the jury to be worth $17. The plaintiff gave bond under the statute (*Code*, Section 322 *et seq.*) upon which he obtained an order for possession, and the property

123—26

was taken thereunder and delivered to the plaintiff.

On the return day of the summons, the defendant ap-. peared before the Justice of the Peace who issued the summons, filed an affidavit under the statute alleging that he did not believe he could obtain justice before the magistrate who issued the summons, and the case was removed for trial to another magistrate. The defendant entered a special appearance before the Justice to whom the case had been removed, and there moved to dismiss for the reason that service had not been properly made. The Court overruled this motion and proceeded to trial and judgment, from which the defendant appealed to the Superior Court. In this court the defendant again entered a special appearance, and again moved to dismiss for the same reason that he had moved to dismiss before the Justice of the Peace. · The motion was overruled by the Judge upon the ground that any want of proper service had been waived by defendants appearing and filing an affidavit and having moved for trial, and the defendant excepted.

During the progress of the trial, it appeared that other property was included in the mortgage, besides the horse and cow sued for in this action, and that the whole of the property conveyed in the mortgage was worth more than $50. Upon this fact being made to appear to the Court, the defendant again moved to dismiss the action for this reason, alleging that it was splitting up the plaintiff's claim for the purpose of acquiring jurisdiction, and for that reason was a fraud upon the jurisdiction of the court. The Court allowed this motion, dismissed the plaintiff's action and the plaintiff excepted and appealed, but the defendant did not appeal. As the defendant did not appeal, his exception to the Court's refusing to dismiss the action

upon his first motion (for want of proper service) cannot be considered on this appeal.

But his second motion and the ruling of the Court thereon, from which the plaintiff appealed, it is contended, raises the question of jurisdiction; and to determine this question, it is necessary to consider the character of the action—whether it is upon contract or in *tort.* If it is an action on contract (the note) which is for $21, and the proceeding in claim and delivery is ancillary to that, it is held that the justice would have jurisdiction of the action on the note, whether he had jurisdiction of the claim and delivery proceeding or not and that the action should not have been dismissed. *Hargrove* v. *Harris*, 116 N. C., 418.

But this would not give the plaintiff the relief he wanted—the possession of the property. He would be no better off with a personal judgment against the defendant, and nothing more, than he would be if he had no mortgage. It is therefore manifest that it is an action for the possession of the property, which the defendant had refused to deliver to the plaintiff, that he might foreclose the mortgage by a sale of the same; and that it was not an action of debt on the note. *McGehee* v. *Breedlove*, 122 N. C., 277.

It is said that this is an action to foreclose the mortgage, and that a Justice of the Peace has no equitable jurisdiction. And it is true that a magistrate has no equitable jurisdiction (*Daugherty* v. *Sprinkle*, 88 N. C., 300; *Cotton Mills* v. *Cotton Mills*, 116 N. C., 647,) but it is not true that this is an action to foreclose the mortgage. It is a legal action for the possession of property, and is what would have been an action of replevin under the old practice. It would have been a common law action of detinue if the plaintiff had not taken out claim and

delivery proceedings. Jones on Chattel Mortgages, Sections 705, 706. After default and refusal to surrender possession to the mortgagee, the mortgagee becomes, in law, the absolute owner of the mortgaged property, though the mortgagor had the right to redeem, until the property is sold; and the mortgagee is entitled to the same remedy against him for the possession that he would have against any other person who had the possession of his property. *Ibid.* And in this action he may have the balance due ascertained and redeemed, if he will. *Ibid.* The same doctrine is held by this court in *Jarman* v. *Ward*, 67 N. C., 32, and in *Hopper* v. *Miller*, 76 N. C., 402. It is true that these cases were not brought by mortgagees. But as a mortgagee, after default and refusal to deliver the property, occupies the same position as a stranger, they apply with equal force to this case. as if the mortgagor had been a stranger.

The right of the mortgagee to the possession continues as long as any part of the mortgaged debt remained due. *Jordan* v. *Farthing*, 117 N. C., 181; Jones on Chattel Mortgages, *supra*, Section 707.

This being an action for the possession of the property (and not on contract) the Justice's jurisdiction is limited to $50 in amount. The property sued for in this action was found by the jury to be worth only $17. So there is no want of jurisdiction, unless the plaintiff was compelled to bring his action for all the property named in the mortgage.

The fact that plaintiff brought his action for a part of the property conveyed in the mortgage, does not fall within the rule against splitting up a debt on contract to acquire jurisdiction, for the reason that it is not brought on contract. But if you apply the principle of that rule, by way of analogy, it will not sustain the de-

fendant's contention and the ruling of the Court.   This rule only applies to the splitting up of a *single contract*, as a note for $400 split into two actions of $200 each. But if it were an unsettled account, consisting of a dozen items and amounting to $400, it might be split up in several accounts, and more than one action brought, or they might all be included in one action. *Caldwell* v. *Beatty*, 69 N. C., 365.

But it seems to have been settled by this Court that the plaintiff, if he chooses to do so, can bring an action for a part of the articles only, included in the mortgage. *Boone* v. *Darden*, 109 N. C., 74; *Smith* v. *Tindall*, 112 N. C., 82.

Therefore, upon principle and authority, we are of the opinion that there is error.

New trial.