NORVELL *v.* MECKE.

---

NORVELL v. MECKE.

(December 22, 1900.)

*Jurisdiction—Justices of the Peace—Splitting Causes of Action—Courts.*

An indivisible cause of action can not be split in order that separate suits may be brought for the various parts before a Justice of the Peace.

CIVIL ACTION by E. B. Norvell, receiver of the Valleytown Mineral Company, against H. Mecke, heard by Judge

O. H. Allen and a jury, at Fall Term, 1900, of CHEROKEE
Superior Court. From judgment for defendant, the plain-
tiff appealed.

F. P. Axley, Ben Posey, and E. B. Norvell, for the plain-
tiff.

Dillard & Bell, for the defendant.

MONTGOMERY, J.   The defendant executed to the plain-
tiff, as receiver of the Valleytown Mineral Company, a re-
ceipt in writing for certain personal property, embracing
a large number of articles, which he agreed to keep for the
plaintiff, and to return to the plaintiff when called for.   The
property was worth $100.   Upon failure of defendant to de-
liver the whole of the property when called for by the plain-
tiff, the plaintiff brought this action before a Justice of the
Peace to recover certain mentioned of the articles of property,
of the value of $50.   The action was dismissed by the Jus-
tice of the Peace upon the ground that it appeared that the
plaintiff had brought another action in the Justice's Court
for the balance of the property mentioned in the receipt,
which was still pending, and that this course was a fraud
upon the jurisdiction of his Court.   The plaintiff appealed
to the Superior Court. In the case on appeal this statement ap-
pears: "It was admitted that on the same day this action was
begun the plaintiff began another action before the same Jus-
tice to recover the possession of all the property embraced
in said receipt not included in the summons in the action
tried, that the aggregate value of the property in both actions .
was $100, and that the purpose of the plaintiff in bringing
two actions before a Justice of the Peace was to avoid bring-
ing an action in the Superior Court."   Thereupon the de-
fendant made a motion to dismiss the action upon the ground
that the same was an attempt to evade the Constitution of the

State in its provisions respecting the jurisdiction of the courts and the motion was sustained. If the jurisdiction had really been in the Justice of the Peace, then the plaintiff's admission would have been harmless, for his motive would not and could not have altered the law of jurisdiction. But the facts as they appear showed that the Justice did not have jurisdiction. He had in his court the two actions, and therefore had knowledge that the plaintiff was not seeking to recover a part of the property of the value of $50, or less, in good faith, as was the case in *Kiser v. Blanton,* 123 N. C., 400, of which he would have had jurisdiction, but that he was seeking to recover the whole of the property in two separate actions, under a paper-writing which was one and entire, and indivisible as a subject of a civil action. The attempt to evade the constitutional jurisdiction of the Superior Court was therefore apparent. The plaintiff, no doubt, could have brought an action for certain articles of the property, of the value of $50 or less, in the Court of the Justice of the Peace, and have recovered, because his right to the property was not disputed; but he could have recovered none of the remaining part in another action, as the first recovery would be regarded as a release of that part to the defendant.