ÆTNA LIFE INSURANCE COMPANY v. JAMES CLINGMAN GRIFFIN
AND MAUDE GRIFFIN.

(Filed 27 January, 1931.)

**1. Trial D a—Plaintiff may not take voluntary nonsuit over defendant's objection where answer sets up counterclaim.**

Where the answer pleads a counterclaim the plaintiff may not take a voluntary nonsuit over the defendant's objection.

**2. Pleadings C b—Definition of counterclaim.**

Under the provisions of C. S., 521, a counterclaim is defined to be a claim existing in favor of the defendant arising out of contract or transaction alleged in the complaint as a foundation for the relief sought or a claim connected with the subject-matter of the action or other cause existing *ex contractu* at the commencement of the action, and subject to these limitations it includes practically every kind of cross-demand existing in the defendant's favor in the same right, either legal or equitable.

**3. Same—In this case held: answer set up counterclaim and plaintiff could not take voluntary nonsuit over defendant's objection.**

Where the plaintiff life insurance company brings action to cancel its policy for fraudulent statements inducing the plaintiff to reinstate the policy upon application of the defendant, and in the defendant's answer he alleges that he had refused the plaintiff's demand for the return of the policy because benefits under its disability clause had already accrued to him under the terms of the policy: *Held*, the answer sets up a counterclaim, though indefinitely stated, and the plaintiff's remedy is to apply, before answer or demurrer, to the court to require the defendant to make his allegations more definite, and the plaintiff's motion for a voluntary nonsuit over the defendant's objection is properly refused.

APPEAL by plaintiff from *Moore, J.,* at March Term, 1930, of UNION. Affirmed.

The complaint and amended complaint and answer and amended answer—briefly: James Clingman Griffin took out a policy of insurance on his life for $5,000, payable to his wife Maude Griffin. It is alleged by plaintiff that it lapsed on account of the failure to pay the premium. James Clingman Griffin made application for reinstatement of the policy

and in the application made false and fraudulent representations of a material nature as to his health, which under the terms of the policy made it null and void. Plaintiff tendered the premiums back and prayed that the policy be canceled. That the premiums paid for reinstatement were accepted by plaintiff without knowledge of the falsity of the statements in application for reinstatement. The defendant James Clingman Griffin denied that he failed to pay the premium as provided in the policy and that it became null and void and subject to reinstatement as provided in the policy. That if he signed any paper-writing for reinstatement of the policy, that the facts in reference to his condition of health were well known to plaintiff's agent. That the policy was reinstated and plaintiff's agent accepted the premium with full knowledge of all the facts and circumstances and plaintiff had ample time before accepting premium to investigate defendant, James Clingman Griffin's state of health. That the policy has been at all times in the possession of defendants and at the time it was reinstated. Defendants set up the defense of waiver and estoppel.

Defendants further say: "It is admitted that on or about 25 November, 1929, the plaintiff tendered to the defendant, James Clingman Griffin, the sum of $77.69, with interest thereon from 23 April, 1928, and the sum of $76.65 with interest thereon from 30 November, 1928, and demanded the return of said policy for cancellation and the defendant, James Clingman Griffin, refused to accept the amounts tendered and refused to deliver the said policy to the plaintiff for cancellation, because at that time and while the said policy was in full force and effect the said James Clingman Griffin had become totally and permanently disabled, as the plaintiff well knew, whereby the said defendant has become entitled to certain rights and benefits under said policy which the plaintiff is attempting to avoid payment of in this action."

The plaintiff demurred to the defendants' amended answer, as to the allegations of section 18, on the ground that "If the allegations of said section are intended to set up a counterclaim or to set up some ground for affirmative relief or some right or benefit to the defendant under the policy of insurance referred to in the complaint filed herein, the allegations contained in said section are insufficient for such purpose, in that they fail to state the nature of such counterclaim, or the nature of the rights and benefits claimed under said policy and are so indefinite and uncertain that this plaintiff is unable to make reply thereto."

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, Walter E. Moore, judge presiding, at the March Term, 1930, of the Superior Court of Union County on motion of plaintiff for continuance upon the ground that counsel of

record for plaintiff, Murray Allen, Esq., is engaged in the trial of an action in the Superior Court of Nash County, and upon that ground that plaintiff is not prepared for trial upon the merits, and upon motion of plaintiff for judgment of voluntary nonsuit, and upon plaintiff's demurrer to section 18 of defendants' amended answer, it is hereupon ordered and adjudged: (1) That plaintiff's motion for continuance be, and the same is hereby overruled and denied. (2) That plaintiff's motion for judgment of voluntary nonsuit be, and the same is hereby overruled and denied. (3) That plaintiff's demurrer to section 18 of the defendants' amended answer be, and the same is hereby overruled and denied."

The plaintiff excepted to the judgment, assigned error and appealed to the Supreme Court.

*Murray Allen and R. Pearson Upchurch for plaintiff.*
*Vann & Milliken for defendants.*

CLARKSON, J. The questions involved: (1) Did the trial court err in overruling the plaintiff's demurrer to section 18 of defendants' amended answer? (2) Did the trial court err in refusing to permit plaintiff to take a voluntary nonsuit? We think not.

This brings us to consider what is a counterclaim. C. S., 521: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

Subject to the limitations expressed in the above section, a counterclaim includes practically every kind of cross-demand existing in favor of defendant against the plaintiff in the same right, whether said demand be of a legal or an equitable nature. It is said to be broader in meaning than setoff, recoupment, or cross-action, and includes them all, and secures to defendant the full relief which a separate action at law, or a bill in chancery, or a cross-bill would have secured on the same state of facts. *Smith v. French,* 141 N. C., at p. 7.

In *Roper Lumber Co. v. Wallace,* 93 N. C., at p. 28, speaking to the subject: "The defendants' answer is informal, but it in substance and effect denies, *first,* that the plaintiffs are the owners of the land, and that they trespassed upon the same as alleged in the complaint, and

they also deny most of the other material allegations. They thus put the plaintiffs to prove their title and establish their cause of action. With this they might have stopped. But they did not simply make defense, and thus put in issue the plaintiffs' alleged rights—they alleged that. they were the owners of the land—that the plaintiffs were trespassers in possession of it, cutting and removing the timber from it, for which it was mainly valuable, and were continuing to cut and remove it, etc. The plaintiffs denied that the defendants had title; they denied the alleged trespass, and they put them to prove title, and establish their cause of action. In our judgment, the defendants thus alleged a counterclaim."

In an action for the specific recovery of a horse, the defendant pleaded as a counterclaim, that the plaintiff sold the horse to the defendant, and, at the time of the sale, warranted that it was sound, which warranty was false, and in consequence of which the defendant had been damaged; *Held*: that the counterclaim arose out of the transaction set out in the complaint and was properly pleaded as a counterclaim. *Wilson v. Hughes,* 94 N. C., 182.

The rule is thus stated by *Allen, J.,* in the case of *Yellowday v. Perkinson,* 167 N. C., at p. 147: "These authorities establish the proposition that the plaintiff has no right to submit to a judgment of nonsuit without the consent of the defendant, and dismiss the action, if a counterclaim is pleaded, and that when facts are alleged which would entitle the defendant to maintain a separate action against the plaintiff, legal or equitable, they amount to a counterclaim."

C. S., 506, in reference to what the complaint must contain, says: "(2) A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered."

In C. S., 535, we find: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

It goes without saying that the counterclaim set up must contain a plain and concise statement of the facts constituting same without unnecessary repetition.

In the amended answer is the following: "James Clingman Griffin, refused to accept the amounts tendered and refused to deliver the said policy to the plaintiff for cancellation, because at that time and while the said policy was in full force and effect the said James Clingman Griffin had become totally and permanently disabled, as the plaintiff well knew, whereby the said defendant has become entitled to certain rights and benefits under said policy which the plaintiff is attempting to avoid payment of in this action."

We think that the defense that defendants were "striking at" if sufficiently pleaded would constitute such a counterclaim that plaintiff could not take a voluntary nonsuit. Plaintiff demurs on the ground that the allegations are "insufficient for such purpose."

C. S., 537, is as follows: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted. When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

"When a good cause of action is set out, but defective in form the court may require the pleadings to be made definite and certain by amendment." *Allen v. R. R.,* 120 N. C., at p. 550; *Bristol v. R. R.,* 175 N. C., 509; *Barbee v. Davis,* 187 N. C., at p. 82; *Power Co. v. Elizabeth City,* 188 N. C., at p. 286; *Yonge v. Ins. Co.,* 199 N. C., at p. 18.

We think a counterclaim was pleaded, but indefinite and uncertain. The plaintiff should have made a motion to make the pleadings more definite and certain. A demurrer was not proper. The facts set forth by defendants constitute a counterclaim and the court below was correct in not granting plaintiff's motion for voluntary nonsuit. Plaintiff will have the right to move in the court below to require defendants to make their amended answer more definite and certain.

For the reasons given, the judgment is

Affirmed.