The following contract was introduced in evidence on the part of plaintiff, on the trial in the court below: "North Carolina — Gaston County. This agreement made and entered into by and between Emanuel Frohman, hereinafter designated as Frohman, and W. C. McGee, hereinafter designated as McGee, this 9 June, 1928: *Page 476 
"Witnesseth: That, whereas, the parties hereto have been engaged in the business of installing lubricating devices having a wick oiling means and acting by capillary attraction, said devices having been applied to the front bearings of spinning, twisting, and roving frames, the said McGee having invented the said devices and having applied for letters patent thereon in the United States Patent Office, said patent application having the serial number of 172,478, and having been filed in the United States Patent Office on 3 March, 1927, and is still pending therein, and that since the application for said letters patent the said Frohman has advanced certain sums of money to the said McGee for the development, manufacture, and sale of the said device in various mills throughout the adjacent territory to Charlotte, North Carolina, and other portions of the United States; that a considerable demand has been created for the said oiling devices and a great number of the same have been installed in mills throughout the states of North Carolina and South Carolina, and other portions of the United States; and the development has reached the point where the said McGee desires to withdraw from the business and assign his entire right, title, and interest in and to the said patent application and his interest in and to the said business to the said Frohman upon the following conditions:
"(1) Frohman agrees to pay to McGee the sum of two thousand five hundred dollars ($2,500.00) upon the execution of this instrument, and to give to McGee his note for two thousand five hundred dollars ($2,500.00), payable thirty days from the date of this contract, and further agrees to pay the said McGee one thousand dollars ($1,000.00) on 9 June, 1929; one thousand dollars ($1,000.00) on 9 June, 1930; 9 June, 1931; 9 June, 1932; and 9 June, 1933; and the said latter payments to be conditioned upon the fulfillment of all the terms of this contract by the said McGee.
"(2) McGee agrees to relinquish all his rights, title, and interest in and to the said patent application, Serial Number 172,478, and to execute an assignment thereof to the said Frohman upon the execution of this contract and the payment of the initial sum of two thousand five hundred dollars ($2,500.00), and to relinquish all his rights, title, and interest in and to the business which the parties hereto have built up and operated under, and the name of the firm being known as the Textile Roller Lubricating. Device Company, and the said McGee hereby sells, assigns, and transfers all his rights, title, and interest in and to all equipment, materials, and supplies now on hand; the said McGee also assigns and sells and transfers unto the said Frohman all his rights, title, and interest in and to all accounts receivable by the said Textile Roller Lubricating Device Company. *Page 477 
"(3) The said Frohman assumes all indebtedness of the said Textile Roller Lubricating Device Company, which has been contracted by either of the parties hereto in relation to the said business.
"(4) The said McGee hereby agrees that he will not for a period of five years from date engage in the business, either directly or indirectly, of manufacturing and/or selling, and/or installing any devices for oiling the front rollers of spinning, twisting, and roving machinery, if said devices operate by using a wick oiler acting on the principle of capillary attraction.
"(5) It is agreed that in case the said McGee fails to carry out any one of the terms of said conditions of this contract that the yearly payment of one thousand dollars ($1,000.00) shall not be payable for the current year in which the breach occurs, nor for any succeeding year.
"(6) It is further agreed by and between the parties hereto that upon the issuance of letters patent on the said patent application Serial Number 172,478 by the United States Patent Office, that the said Frohman shall pay to the said McGee within thirty days after the issuance of said patent and after the said Frohman has been notified of the said issuance by the said McGee, the sum of one thousand dollars ($1,000.00).
"(7) It is further agreed between the parties hereto that all agreements heretofore entered into between them, either written or oral, are hereby revoked and canceled.
"(8) This contract is executed in triplicate and all copies shall be considered as an original for all purposes, each of the parties hereto having been supplied with a copy of this contract, and the third copy having been deposited with Paul B. Eaton, of 406 Independence Building, Charlotte, North Carolina, the said third copy to be available at all times for the inspection of either of the parties hereto or their legal representatives.
"In witness whereof the parties hereto have set their hands and affixed their seals in triplicate, the day and year above written. Emanuel Frohman (Seal), W. C. McGee (Seal). Witnesses: Paul B. Eaton (Signed)."
In the complaint the plaintiff alleges: "That the plaintiff fully complied with said contract on his part by delivering and transferring said patent rights and said business to the defendant in strict accord with said agreement, but that the defendant has neglected and defaulted in the performance of said contract and, in particular, the payment of the consideration for the purchase of said letters patent, and that said defendant is now justly indebted to the plaintiff in the sum of five thousand dollars ($5,000.00), with interest on one thousand dollars ($1,000.00) from 9 June, 1929, to 9 June, 1930; and interest on two thousand dollars ($2,000.00) from 9 June, 1930, to 9 June, 1931; and *Page 478 
interest on three thousand dollars ($3,000.00) from 9 June, 1931, to 9 June, 1932; and interest on four thousand dollars ($4,000.00) from 9 June, 1932, to 9 June, 1933; and interest on five thousand dollars ($5,000.00) from 9 June, 1933, until paid, all at the rate of six per cent per annum from the dates mentioned until paid, and all due by contract made between the plaintiff and defendant as hereinbefore fully alleged and set out."
The defendant, in his answer, denied liability, and for a further answer and defense and by way of counterclaim avers and alleges: "(1) That at the time of the signing of the contract as attached to the complaint herein, and made a part of the same, the plaintiff knew that the said patent claim and the rights thereunder, and everything he purported to convey to the defendant by the same, was a nullity and was worthless, and was of no consideration, as the patent claim he was attempting to convey, and the rights thereunder, had been rejected by the patent bureau of whatever department handles claims for patents, and that the plaintiff knowingly, wilfully obtained the sum of $6,250.00 from the defendant on said contract, knowing at said time the said patent rights or claims had been rejected, and that said lubricating device for oiling machinery, as he states, evidenced by patent application, Serial No. 172,478 of the United States Patent Office, on 3 March, 1927, was rejected on 17 December, 1927, a long time before said contract was signed, and that the plaintiff secured from the said defendant the sum of $6,250.00 for nothing and without any consideration, and that the plaintiff is thereby indebted to the defendant in the sum of $6,250.00.
"(2) That the defendant denies any indebtedness in any sum to the plaintiff.
"Wherefore, having answered the complaint of the plaintiff, and having set up a counterclaim against the plaintiff, the defendant prays that he be granted judgment of and against the plaintiff in the sum of $6,250.00; that the plaintiff take nothing of the defendant; that the costs of this action be taxed against the plaintiff; and for such other and further relief as he is in law and equity entitled."
The plaintiff, in reply, avers and says: "That he entered into a contract with the defendant relating to the purchase and sale of the patent pending as set out in plaintiff's complaint, and that said contract was drawn and prepared by the patent attorney selected by the defendant, and that the defendant knew all matters relating to said application for patent in as full and ample manner as did the plaintiff, and that the defendant profited by said purchase and is today manufacturing, selling, and offering for sale the device referred to in plaintiff's complaint; and that the defendant is justly indebted to the plaintiff, as alleged in said complaint. *Page 479 
"Wherefore, having fully replied to defendant's further answer and defense and counterclaim, the plaintiff prays the court: That defendant shall take nothing by his counterclaim, but that the plaintiff shall have and recover the relief set forth in his said complaint."
At the close of the plaintiff's evidence defendant moved for judgment as of nonsuit; motion denied, for that the court stated that defendant's answer set up a counterclaim, and judgment as of nonsuit could not be allowed. Thereupon, the defendant moved the court to be allowed to withdraw his counterclaim, which appears in the answer filed in this cause. Motion allowed, and plaintiff excepted.
The judgment of the court below is as follows: "This cause coming on to be heard at the March Civil Term, 1934, of the Superior Court of Gaston County, before his Honor, A. M. Stack, judge present and presiding, and a jury; and being heard, at the close of the plaintiff's evidence, the defendant moved for a judgment as of nonsuit, which motion was allowed by the court.
"Hereupon, it is considered, ordered, and adjudged by the court that the plaintiff be and he is hereby nonsuited, and that the plaintiff shall pay the costs of this action, to be taxed by the clerk. A. M. Stack, Judge Present and Presiding."
The plaintiff's exceptions and assignments of error are as follows: "First, that the court erred in granting the motion of defendant for permission to withdraw the counterclaim of defendant as set out in the answer filed in this cause for that the counterclaim alleged by the defendant arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, and that such counterclaim is a cross-action at issue and to which a verified reply was filed in this cause, and the plaintiff has the right to have a complete adjudication and determination of all the matters in controversy without or against the consent of the defendant.
"Second, that the court erred in that it sustained the defendant's motion for a judgment as of nonsuit and did not allow the cause to go to the jury under the testimony offered.
"Third, that the court erred in signing the judgment in this cause as set out in the record."
At the close of plaintiff's evidence the defendant made a motion in the court below for judgment as in case of nonsuit, C. S., 567. The court below sustained this motion, and in this we think there was error. *Page 480 
"It is the well-settled rule of practice and accepted position in this jurisdiction that, on a motion of nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and she is `entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.'" Nash v.Royster, 189 N.C. at p. 410.
We think there was sufficient evidence to be submitted to the jury. In the contract is the following: "McGee agrees to relinquish all his rights, title, and interest in and to the said patent application, Serial Number 172,478, and to execute an assignment thereof to the said Frohman upon the execution of this contract and the payment of the initial sum of two thousand five hundred dollars ($2,500.00), and to relinquish all his rights, title, and interest in and to the business which the parties hereto have built up and operated under, and the name of the firm being known as the Textile Roller Lubricating Device Company, and the said McGee hereby sells, assigns, and transfers all his rights, title, and interest in and to all equipment, materials, and supplies now on hand; the said McGee also assigns and sells and transfers unto the said Frohman all his rights, title, and interest in and to all accounts receivable by the said Textile Roller Lubricating Device Company."
The plaintiff testified, in part: "Mr. Frohman positively did not at any time deny or dispute his obligations under this contract. It was some time in September, 1929, that I went back to work for Mr. Frohman. He told me I was a valuable man, and I continued to work for him until December, 1932. During the time that I worked for him I made further demands on Mr. Frohman for payment of what was due me under my contract. On those occasions Mr. Frohman stated to me that he had not made any money yet, and as soon as he had some money that he would pay me what he owed me."
The second contention of plaintiff: If, in an action on a contract, the defendant pleads a counterclaim arising out of such contract, can the defendant withdraw his counterclaim over the objection of the plaintiff? We think not.
In Cohoon v. Cooper, 186 N.C. 26 (27-28), is the following: "There are two counterclaims that can be set up under C. S., 521, i.e., 521 (1): `A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.' Such counterclaim must not only exist at the commencement of the action, but as to this, when it has been pleaded a nonsuit cannot be taken. The defendant `is not obliged to set up such counterclaim. He may omit it and bring another action. He *Page 481 
has his election. But when he does set up his counterclaim, it becomes a cross-action, and both opposing claims must be adjudicated. The plaintiff then has the right to the determination of the court of all matters brought in issue, and naturally the defendant has the same right, and neither has the right to go out of court before a complete determination of all the matters in controversy without or against the consent of the other.'Francis v. Edwards, 77 N.C. 271; Whedbee v. Leggett, 92 N.C. 469;McNeill v. Lawton, 97 N.C. 20; Yellowday v. Perkinson, 167 N.C. 146.
"The other ground of counterclaim, C. S., 521 (2), is `Any other cause of action arising also on contract and existing at the commencement of the action.' As to such cause of action a nonsuit may be taken at any time before a verdict."
In Insurance Co. v. Griffin, 200 N.C. 251 (254): "In an action for the specific recovery of a horse, the defendant pleaded as a counterclaim that the plaintiff sold the horse to the defendant, and, at the time of the sale, warranted that it was sound, which warranty was false, and in consequence of which the defendant had been damaged: Held, that the counterclaim arose out of the transaction set out in the complaint, and was properly pleaded as a counterclaim. Wilson v. Hughes, 94 N.C. 182."
For the reasons given, the judgment of the court below is
Reversed.