J. W. REEVES v. H. DAVIS, Adm'r.

*Justices' Judgments—Evidence—Practice.*

1. A justice's court is not a court of record, and it is customary and proper to admit its judgments in evidence upon proof of the handwriting of the justice, of his being in office at the time, and the rendition of the same within his county.

2. A justice is under no obligation to write out and sign his judgments with his own hand. He may have them written and his name signed thereto by another, in his presence and under his supervision, without becoming obnoxious to the charge of delegating his judicial powers.

3. Ordinarily, it is the duty of a justice of the peace to pronounce his judgment on the day of trial, but in cases of difficulty, he may reserve his decision until he can be properly advised, and afterwards enter judgment and give the parties notice of his action.

(*Ledbetter* v. *Osborne*, 66 N. C., 379; *Hamilton* v. *Wright*, 4 Hawks, 283; *Carroll* v. *McGee*, 3 Ire., 13, cited and approved.)

CIVIL ACTION on a former judgment tried at Fall Term, 1878, of MADISON Superior Court, before *Avery, J.*

The facts appear in the opinion. Judgment for the plaintiff. Appeal by defendant.

*Mr. M. E. Carter*, for plaintiff.
*Messrs. T. F. Davidson* and *J. L. Henry*, for defendant.

DILLARD, J. This action was commenced in a justice's court on the judgment of a justice, and from his court there was an appeal by the defendant to the superior court of Madison county and thence to this court.

On the trial in the superior court the original judgment for the recovery of which the action was brought was offered in evidence, and when proof was being offered by one Creaseman, a justice of the peace, that he gave the judgment and the same was drawn up and signed by him or under

his dictation, it was objected by the defendant that the judgment of a justice's court was not provable by law otherwise than by a duly certified transcript of the record from the justice's court, which objection was overruled and the defendant excepted.

The court of a justice of the peace is an inferior court of limited jurisdiction, and although he is required to keep a docket and enter his proceedings therein, it is not under our present system, and was not under our former system, a court of record. *Ledbetter* v. *Osborne,* 66 N. C., 379 ; *Hamilton* v. *Wright,* 4 Hawks, 283 ; *Carroll* v, *McGee,* 3 Ire. 13. Not being a court of record the rules of evidence established in relation to the authentication and proof of the judgments of courts of record are not applicable to it, and there being no legislative provision as to how their judgments are to be proved, there can be and is no better way than that which has obtained heretofore in the practice of our courts. The rule has been for many years to admit the judgments of justices' courts in evidence on proof of their handwriting, of their being in office at the time, and of the rendition of the same within their counties, and thereupon the same conclusiveness of effect was attributed to them as to the judgments of courts of record shown forth by transcript under the seal of the court. *Hamilton* v. *Wright,* and *Carroll* v. *McGee, supra.*

We see no reason to depart from the rule on this subject, which has been so long observed in our courts, and in consistency therewith, we hold there was no error in the court below in overruling the objection of the defendant.

From the case made and sent up for our consideration it appears that the justice of the peace, whose judgment is the subject matter of this action, did not himself write out the judgment and subscribe his name with his own hand, but had the same done by another at his dictation. And it is further agreed by the parties to the appeal that the judgment of the justice was not rendered at the sitting when the case

was heard, but he reserved his judgment until he could deliberate and seek information. Afterwards in the absence of the parties he entered his judgment as aforesaid and gave notice thereof to the parties. Upon these facts it is assigned for error in this court; 1st. that the judgment was not the judgment of the justice, but of another and therefore void, and 2ndly. that the judgment was not rendered at the sitting when the case was heard and therefore out of term and void.

As to these objections now taken in this court it may be said that the entry of the judgment by the hand of another and not at the justice's term, but at another day, and out of the presence of the parties, were matters affecting the judgment on which this action is grounded, and might have been insisted upon by appeal or *recordari*, or perhaps on motion in the justice's court for irregularity; but not being so availed of in the first action, it is questionable whether defendant can fall back and have the same considered in this action founded on a subsisting judgment in full force and unreversed. But as the points are made and we have an opinion on them, we have no objection to express it.

It is unquestionable that a justice of the peace cannot delegate to another to perform the judicial act to hear an action and to pronounce the sentence of the law on the facts found or admitted therein. It is generally the case that having no clerk of his court he enters his judgments with his own hand; but no reason is or can be assigned why the justice if he tries a case himself and makes and announces his own conclusion of law, may not have the same reduced to writing and his name signed thereto by another under his personal supervision and dictation. It appears from the facts sent up that the justice of the peace in this instance heard the case and pronounced his judgment, and had the entry in writing made and his name subscribed by another, but it was done under his dictation and personal supervision, and we hold the judgment was not vitiated thereby.

As to the rendition of the judgment at a day subsequent to the hearing of the case, the defendant, under the circumstances, has no cause of complaint. It is the duty of a justice of the peace to pronounce his judgment on the day of trial, and he generally does, so that the parties may supervise and know the result, and then and there take such other steps as their interest may require. But in cases of difficulty it is not unusual for the magistrate to reserve his judgment so as to deliberate or examine as to any matter of law involved, and afterwards to enter his judgment and give the parties notice of his action. And this being done each party has the same opportunity of appeal or other step in the case as if the judgment had been pronounced on the day of the trial. The delay of judgment for a reasonable time in such case is no ground of error. The case states that the rendition of judgment was made and notice thereof given to defendant, and thereby he was put without a just cause of complaint.

The judgment of the court below is affirmed. But the parties having agreed in writing on a sum for which judgment is to be entered in this court in the event of a decision in favor of the plaintiff, the clerk of this court will enter the judgment for the sum specified in said written agreement.

No error.                                     Affirmed.