## K. S. DELOATCH v. W. H. COMAN.

### Landlord and Tenant—Jurisdiction.

An action by a landlord against a tenant for the recovery of rent, the sum demanded not exceeding two hundred dollars, is an action upon the contract of lease and cognizable in the court of a justice of the peace. The jurisdiction cannot be ousted because further relief is asked which such court has no power to grant.

(*Belcher* v. *Grimsley*, 88 N. C., 88; *Ashe* v. *Gray*, *Ib.*, 190; *Montague* v. *Mial*, 89 N. C., 137; *Livingston* v. *Farrish*, *Ib.*, 140; *Wilson* v. *Respass*, 86 N. C., 112, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of HERTFORD Superior Court, before *Gilliam, J.*

The action was commenced in the court of a justice of the peace, and the affidavit of the plaintiff, treated as his complaint, is in substance as follows:

The plaintiff leased to defendant a certain tract of land for cultivation during the year 1881, and the defendant agreed to pay and deliver to plaintiff nine hundred pounds of lint-cotton as rent for the same; and also, another tract for which the defendant agreed to pay one-fourth of the crop of cotton as rent. The defendant removed from the premises about twenty-seven hundred pounds of seed-cotton, and delivered the same at the gin of Cooke & Harrell, in Murfreesboro, without the plaintiff's consent, and now refuses to pay more than one average bale of cotton towards the rent alleged to be about $103.25. The plaintiff further alleges that the rent-lien attaches to the said seed-cotton in possession of the defendant at said gin, and that he is entitled to the same to satisfy his claim for rent; that the defendant wrongfully detains the property, nor has it been taken for taxes, assessment, or fine, in pursuance of any statute, or seized under execution or attachment against the property of the plaintiff, and that the actual value of the same is $94.50.

The defendant resisted the claim on the ground that the jus-

tice of the peace had no jurisdiction of the action—the value of the property being alleged to be over fifty dollars.

The justice overruled this demurrer and from the judgment the defendant appealed to the superior court. His Honor affirmed the judgment, with leave to the defendant to answer the complaint, and from this ruling the defendant appealed to this court.

*Messrs. D. A. Barnes* and *J. B. Batchelor*, for plaintiff.
*Mr. B. B. Winborne*, for defendant.

SMITH, C. J.   If the action were solely to recover possession of the removed cotton, raised upon the rented land and subject to the statutory lien, in the use of the remedy given in the first section of the act of 1877, THE CODE, §1750, and not "founded on contract," the value of the goods claimed being in excess of fifty dollars, the cognizance of the cause would not be vested in a justice of the peace.   Although the lien to be enforced by possession results from the contract of lease, the cause of action consists in the unlawful removal or withholding of the crops from the lessor before the satisfaction of his claim, and its end, the restoration of the possession ; and hence the suit is for a tort, the jurisdiction of which, when the property demanded and in controversy exceeds the sum mentioned, is confided exclusively to the superior court.   This is the principle established by past adjudications.   *Belcher* v. *Grimsley*, 88 N. C., 88 ; *Montague* v. *Mial*, 89 N. C., 137 ; *Livingston* v. *Farrish*, Ib., 140.

This is not, however, the case presented in the record.   The summons is, in form and effect, "in a civil action," and for the recovery of rent "due of nine hundred pounds of lint-cotton " grown upon the leased premises, to the amount of ninety-four dollars and fifty cents ; while it also demands the possession of all the removed cotton under the lien.

The affidavit, which the parties accept as the complaint, filed as the initiatory step in the collateral proceeding for claim and

delivery, also sets out the contract and asserts the plaintiff's right thereunder to the rent-cotton, and the defendant's resistance to the amount alleged to be due, as the supposed ground of the defendant's withholding; so that the suit is both to enforce the contract and to get possession of the crop in order thereto.

It is obvious that the action, whatever may be sought in its prosecution, is founded upon contract, and the sum demanded not being above two hundred dollars, no other than the court of a justice of the peace can exercise jurisdiction in the premises. Nor can this jurisdiction be ousted because further relief is asked which it is not in his power to grant. *Ashe* v. *Gray,* 88 N. C., 190.

Whether the action be for the recovery of a money demand measuring the value of the rent-cotton stipulated to be paid, or proceeds under the sanction of the third section of the statute (THE CODE, §1756), it had a rightful origin in the justice's court. But in neither case is restitution ordered, while in the latter the crop is secured to await the result of the dispute as to the amount due. This act has been carefully examined and its provisions construed in a recent case ( *Wilson* v. *Respass,* 86 N. C., 112), rendering a repetition needless. It is there said that "this section contemplates an action to determine a dispute growing out of the agreement and the relative rights and obligations created by its stipulations, without disturbing the possession of the lessee, cropper or assignee of either."

Its purpose is to provide a summary mode for ascertaining a disputed liability, and, in case of delay, to secure the fruits of the judgment by requiring of the lessee, as a condition of his remaining in possession of the property, an adequate undertaking for the payment of what may be recovered.

The action is, however, in no proper sense for the redress of a tort within the meaning of the law, though accompanied with these collateral advantages to render the recovery effectual, and they do not change the nature of the proceeding, nor affect the authority of the tribunal in which the essential controversy is to be tried.

The simple point presented in the appeal is the question of jurisdiction, and the ruling of the court must be sustained. The irregular and unwarranted order for seizure, with its consequences, will be corrected in the court below. There is no error. This will be certified to the end that the cause proceed in said court.

No error.                                        Affirmed.