W. H. MORRIS and J. H. HOPSON, Administrators, v. WM. O'BRIANT.

*Claim and Delivery—Jurisdiction—Landlord and Tenant—Evidence—Betterments.*

Where a landlord brought an action before a Justice of the Peace to recover the sum of eighty dollars, alleged to be due upon a contract for rent, and ancillary thereto procured an order for the seizure and delivery to him of certain crops of greater value than fifty dollars ; *Held,*

(1). The question of the jurisdiction of a Justice of the Peace is determined by the summons and complaint, especially the former.

(2). The order for the seizure and delivery of the property was *coram non judice,* but did not oust the jurisdiction of the Court over the cause of action.

(3). Evidence of betterments placed upon the land by the tenant was not competent, no issue in respect thereto having been made by the pleadings, tendered by the parties, or submitted by the Court.

(*Noville* v. *Dew,* at this term, and *Deloatch* v. *Coman,* 90 N. C., 186, cited and approved).

This was a CIVIL ACTION begun before a justice of the peace, and carried by appeal of the plaintiff to the Superior Court of the county of DURHAM, and tried before *Gilmer, Judge,* at the January Special Term, 1886.

In the statement of the justice transmitted on the appeal of the plaintiff to the Superior Court, it appears that the defendant was summoned to answer the complaint of the plaintiff for the non-payment of the sum of eighty dollars due by contract, and the plaintiff in his complaint alleged that the defendant was, in the year 1883, the tenant of his intestate, upon whose land he raised a crop; that he had paid no rent and that there was still due eighty dollars, for which he demanded judgment.

At the time of suing out the summons, the plaintiff filed an affidavit in the prescribed form in a proceeding for the claim and delivery of the following property, alleged to be a part of the crop made by the defendant on the land of the intestate, to-wit—one barn of tobacco, 12 barrels of corn, 25 bushels of wheat, fodder and oats.

· There was an order of *seizure* endorsed upon the affidavit, and the plaintiff gave the bond required by law, but the record fails to show any return of the sheriff.    The defendant in his answer, denied all the material allegations in the complaint, and for further defences alleged that the plaintiff was indebted to him in the sum of two hundred dollars for improvements put upon the plaintiff's land, and that he and the plaintiff, in September, 1884, agreed to refer to arbitration all the differences between them in this action, and that their award should be a rule of Court, and the matters were referred to arbitrators selected by them, who made an award that the plaintiff should pay the defendant the sum of three hundred dollars.

The following issues were submitted to the jury, to-wit:

1.  Was the defendant William O'Briant the tenant of Reddin George for the year 1883?

2.  Did the defendant pay to Reddin George or his administrators the rent due as tenant for said year?

3.  What was the rental value of said lands for the year 1883?

4.  Did plaintiff and defendant submit all matters in dispute in this action to arbitrators?

The jury responded to the first issue, "yes;" to the second, "no;" to the third, "forty-eight dollars," and to the fourth, "no."

On the trial, one Joseph Hobson was introduced as a witness in behalf of the plaintiff, and the defendant offered to prove by the witness, on cross-examination, that the defendant took possession of the premises mentioned in the pleadings, under a parol contract of purchase made with plaintiff's intestate and the owner of the land, and made valuable and permanent improvements thereon, which still remain there.

This was offered with the view and intention of insisting on defendant's right to set off the value of such improvements against any sum the plaintiff might be entitled to for occupation of the premises. The proposed testimony, upon objection by the plaintiff, was not admitted by the Court, and the defendant excepted.

The defendant moved to dismiss the plaintiff's action upon the ground the justice had no jurisdiction, the value of the property sued for being more than fifty dollars. The motion was overruled by the Court, and the jury returned a verdict in favor of the plaintiff for forty-eight dollars.

The defendant then moved for a new trial, assigning as ground therefor, alleged error in the ruling of the Court in excluding the proposed testimony in regard to the improvements. The Court overruled the motion and rendered a judgment in favor of the plaintiff for the amount found by the jury, from which the defendant appealed.

*Messrs. R. C. Strudwick* and *R. B. Boone,* for the plaintiff.
*Mr. W. W. Fuller,* for the defendant.

ASHE, J. (after stating the case). The only points raised by the record, are to the refusal of the Court to dismiss the action for want of jurisdiction, and to grant a new trial. In neither of which rulings of the Court do we find any error.

The defendant's motion to·dismiss the action for want of jurisdiction in the justice, is founded upon the idea that the action is *claim and delivery,* and the value of the property claimed is more than fifty dollars. But this is a misconception of the plaintiff's action. The fact that the plaintiff filed an affidavit and obtained an order of seizure of the property described in the affidavit, does not necessarily make it an action of *claim and delivery.* In ascertaining whether a justice of the peace has jurisdiction of a cause of action ·in his Court, the question must be determined by the summons and complaint, and especially by the former, as has been frequently decided by this Court—*Noville* v. *Dew,* decided at this term, and cases there cited—and the reason is, because the pleadings in that Court are usually oral and are not required to be in writing.

In this case, the summons was to answer the complaint of the plaintiff for the non-payment of the sum of eighty dollars, due by contract, and the complaint alleges that defendant has paid no rent to the plaintiffs or their intestate, and that the amount of rent due for the year 1883, is eighty dollars, and judgment is demanded for the sum of· eighty dollars. It is an action on contract, and the fact that the plaintiffs had resort at the same time to the provisional remedy of claim and delivery, cannot have the effect of changing the character of the action. This point was expressly decided in the case of *Deloatch* v. *Coman,* 90 N. C., 186, where it was held, that an action by a landlord against a tenant for the recovery of rent, the sum demanded not exceeding two hundred dollars, is an action upon the contract of lease, and cognizable in the Court of a justice of the peace. The jurisdiction cannot be ousted by a demand on the part of the plaintiff for relief which such court has not jurisdiction to give, as a seizure of the crop on the landlord's lien, under claim and delivery. It must therefore follow, that when the action, as in this case, is one on contract, and the provisional remedy of claim and delivery is at the same time resorted to by the plaintiffs, it is immaterial whether the value of the property seized or sought to be seized is of more

or less value than fifty dollars, for in such a case, the justice has no right to take cognizance in that connection of the proceeding of claim and delivery, and his action in that respect is extrajudicial. This disposes of the question of jurisdiction.

The motion for new trial upon the ground that the Court excluded the evidence of the witness Hobson upon the question of betterments, was properly overruled by the Court, upon the ground that the evidence was not applicable to any issue submitted to the jury, and no such issue was warranted by the pleadings. The evidence proposed was therefore irrelevant, and there was no error in excluding it.

We find no error, and the judgment of the Superior Court is affirmed.

No error.                                          Affirmed.