W. S. STARKE v. R. R. COTTEN.

*Jurisdiction—Justice of the Peace—Action Containing Divers Causes of Action—Amendment.*

1. Where, in an action before a Justice of the Peace, there are two causes of action, of only one of which he has jurisdiction, he may proceed to try that, treating the other as surplusage.

2. The Superior Court has, on appeal, power under section 908 of *The Code* to amend any warrant, process, pleading or proceeding "had before a Justice of the Peace," in form and substance, "and at any time," "before or after judgment." Hence, where on the trial of an appeal from a judgment of the Justice of the Peace, of an action that sought to recover for a breach of contract, and also to enforce an equity, the trial Judge properly allowed an amendment discarding the equitable proceeding.

CIVIL ACTION, tried on appeal from a Justice's Court at May Term, 1894, of VANCE Superior Court, before *Battle, J.,* and a jury.

The action was begun February 4, 1893, and the nature and purpose of the same will be seen from the following statement: The plaintiff contended, and introduced evidence tending to show, that he had purchased several lots of tobacco from the defendant R. R. Cotten in November, 1892, the same to be delivered in Henderson, and to be paid for at a certain amount agreed on between the parties per pound; that a part of said tobacco, the less valuable part, was delivered in Henderson in December, 1892, by said vendor, and vendee paying for the same at the contract price per pound sustained a loss of about $50. That defendant Cotten refused to deliver the residue of the tobacco according to contract, but shipped the same to Henderson to defendant D. Y. Cooper, who, as factor, sold the same at a sum which was $70.80 in excess of the sum the plaintiff would have had to pay for said residue at the contract price aforesaid, and said Cooper had retained and had in his hands that amount

115—6

($70.80) at the commencement of the action, the sale of the residue of the tobacco being made by him in January, 1893. This amount was claimed by the plaintiff. The defendant Cooper admitted selling the tobacco on account of the defendant Cotten, and having proceeds thereof to the amount claimed still on hand. The defendant Cotten admitted that the tobacco sold for him by Cooper in January, 1893, was all, except 313 pounds, of the value of $156.50, tobacco that he had contracted to sell to the plaintiff, but that he, the plaintiff, had failed to comply with his part of the contract, and said defendant Cotten offered to have an accounting with the plaintiff in regard to all the tobacco embraced in the contract according to the terms of the contract. He contended that there had never been any executed contract of sale, and that consequently the title to the tobacco had not passed to the plaintiff, and the proceeds of the sale thereof could not be followed in a Justice's Court. These were the contentions in the Justice's Court. After the case had been brought to the Superior Court by plaintiff's appeal, there was an application for an injunction.

When the case was called to be tried, the plaintiff moved to dismiss for want of jurisdiction. The Court refused the motion on two grounds—

1. That the complaint was really for damages for breach of contract, and that so much of it as asked for any other relief would be treated as surplusage, and that an amendment would be allowed by the Court.

2. Because the same motion had already been made at May Term, 1893, before Judge Shuford, and refused by him. (See his order, signed.) The plaintiff duly excepted on account of the Court's overruling his said motion to dismiss.

The plaintiff tendered the following issues:

"1. Was there a breach of the contract by the defendant Cotten?  .

STARKE *v.* COTTEN.

" 2. If yes, what damage has the plaintiff sustained ? "

The defendant Cotten objected to these issues as not being raised by the pleadings; and further, that if permitted as upon amendment, such amendment ought not to be allowed—

" 1. Because the Superior Court could not allow such amendment as would bring the original action within the jurisdiction of a Justice of the Peace; and

" 2. Because the Superior Court could not allow such an amendment as would substantially make a new action ; and

" 3. Because the plaintiff, no longer making any claim against the defendant Cooper, who had paid over the $70.80 to defendant Cotten, an amendment ought not to be allowed setting up a new cause of action within the jurisdiction of a Justice of the Peace against the defendant Cotten."

All the objections of the defendant Cotten were overruled by the Court, and said Cotten excepted.  The Judge stated that he would allow any amendment necessary to show that this was an action *ex contractu* for $70.80 damages.  The issues tendered were accordingly submitted to the jury and answered by them in favor of the plaintiff.

The defendant Cotten moved for judgment *non obstante veredicto* upon the record.  Motion refused, and defendant Cotten excepted.  The defendant Cotten then moved in arrest of judgment, upon the ground that the Justice of the Peace had no jurisdiction in the action, and that therefore the Superior Court, on appeal, had none.  Motion refused, and defendant Cotten excepted.  Judgment in favor of plaintiff, and appeal by the defendant Cotten.

*Mr. 7. 7. Hicks*, for plaintiff.
*Mr. 7. M. Pittman*, for defendant (appellant).

CLARK, J. : It has been repeatedly held that if in an action before a Justice of the Peace there are two causes of action, of one of which the Justice has jurisdiction and of the other

he has not, the Justice can proceed to try the first, treating the latter as surplusage. *Manufacturing Co.* v. *Barrett,* 95 N. C., 36. The jurisdiction as to such valid cause of action is not ousted because further relief is asked which the Justice has no power to grant. *Deloatch* v. *Coman,* 90 N. C., 186; *Ashe* v. *Gray,* 88 N. C., 190; *Morris* v. *O'Briant,* 94 N. C., 72. In the latter case it is held that the question of jurisdiction is to be determined by the summons rather than the complaint, as it depends upon the "sum demanded," citing *Noville* v. *Dew,* 94 N. C., 43, to same effect. *The Code,* § 832. In the present case there was no written complaint. The summons stated the cause of action to be for "non-payment of the sum of $70.80, with interest on same from January 1, 1893, due by account and contract, and demanded by said plaintiff." This is clearly a cause of action of which the Justice of the Peace had jurisdiction. The Justice of the Peace in making his "return to the appeal" states the verbal contention before him, from which it appears that the plaintiff claimed $70.80 due him by the defendant Cotten for damages for breach of contract in not delivering certain tobacco bought of said Cotten, and to subject that sum out of the proceeds of the tobacco in the hands of defendant Cooper to whom Cotten had sold it. Of this last the Justice had no jurisdiction, but this did not oust the jurisdiction as to the cause of action stated in the summons against Cotten. *The Code,* § 908, gives the Superior Court the fullest power on appeal "to amend any warrant, process, pleading or proceeding" had before a Justice of the Peace "either in form or substance," and "at any time either before or after judgment," and "whether in a civil or criminal action." This has been always favored, and the only limitation recognized by the Courts has been that the amendment shall not entirely change the character of the action. *State* v. *Norman,* 110 N. C., 484. His Honor, therefore, properly allowed an amendment discarding the attempted equitable proceed-

ing against Cooper, and submitting as the only issues: (1) Was there a breach of the contract by defendant Cotten? (2) If so, what damage has plaintiff sustained? These the jury found in favor of the plaintiff, and assessed the damages at $70.80. These damages the defendant Cotten had never offered to pay, but, on the trial before the Justice, admitting the contract, he contended that he was relieved from breach of it by non-performance of plaintiff's part of it, and further insisted, and as to this last properly, that plaintiff could not subject the tobacco, or its proceeds in Cooper's hands, for such damages.

The defendant Cooper was not adjudged by the Justice to pay any costs or judgment to the plaintiff. The judgment of the Superior Court is only against the defendant Cotten for $70.80 and costs, and should be affirmed. A nonsuit seems to have been taken as to Cooper.

Affirmed.