MARY L. HARGROVE v. HENRY P. HARRIS.

*Action for Rent—Justice of the Peace—Jurisdiction—
Claim and Delivery—Judgment Declaring Lien on
Crop.*

1. There being but one form of action in civil cases, the fact that
   a plaintiff asks for one of the many remedies ancillary
   thereto, to which he is not entitled, does not affect the
   action itself, which will go on if he is entitled to any other of
   the remedies.

2. Where plaintiff, in an action before a Justice of the Peace to
   recover $75 due for rent, alleged that defendant wrongfully
   detained the crop on which the rent was a lien, and incident-
   ally asked for a delivery of the crop which was not alleged
   to be worth "not more than fifty dollars," the Justice of the
   Peace was not deprived of jurisdiction by such allegation
   and prayer.

3. In such case the Justice properly ignored the ancillary remedy,
   of which he had no jurisdiction, and rendered judgment for
   the amount found to be due for rent.

4. Inasmuch as the Statute (Sec. 1754 of *The Code*) makes a judg-
   ment for rent a lien on the crop, an adjudication by a Jus-
   tice of the Peace that the judgment rendered by him in an
   action for rent was a lien on the crop does not invalidate the
   judgment, but will be treated as harmless surplusage.

CIVIL ACTION, heard before *Green, J.,* at January Term,
1895, of GRANVILLE Superior Court, on defendant's appeal
from a judgment of a Justice of the Peace.

The summons commanded the defendant "to answer the
complaint of Mrs. Mary L. Hargrove, for the wrongful
detention of a lot of tobacco, corn, shucks and fodder, value
$75, due for rent, and demanded by said plaintiff."

The plaintiff complained before a Justice that defendant
was indebted to her in the sum of $60 and interest, due by
note for rent of Ragland farm, and that she had the right
to seize and sell the crops raised on said land under process

of claim and delivery. The defendant moved to vacate and dismiss the claim and delivery proceedings for want of jurisdiction, which motion was overruled. The Justice rendered judgment for $36.81 and costs, and the judgment proceeded as follows: "It is further adjudged that this judgment is a lien upon all the crops of every description raised in 1894 upon the plaintiff's land, known as the Ragland land."

On the hearing of the case on appeal, His Honor granted the defendant's motion to dismiss on the ground that the Justice of the Peace had no jurisdiction, from which judgment the plaintiff appealed to this Court.

*Messrs. J. W. Graham* and *P. C. Graham*, for plaintiff (appellant).
*Mr. A. J. Field*, for defendant.

CLARK, J.: There is no such thing as an action for claim and delivery. Under our Constitution, Art. IV, Sec. 1, there is but one form of action in civil cases. In that, many ancillary remedies may be asked, *i. e.*, Arrest and Bail, Claim and Delivery, Injunction, Attachment, and Appointment of Receivers. These need not be asked, even if the party is entitled to them, *Wilson* v. *Hughes*, 94 N. C., 182, and if they are improperly asked they are simply denied or dismissed, but that does not affect the action itself, which goes on if the plaintiff is entitled to any other remedy. *Deloatch* v. *Coman*, 90 N. C., 186; *Morris* v. *O'Briant*, 94 N. C., 72. This is the broad distinction between the present system of procedure and that formerly in force. Under the old system, all these were distinct forms of action, and so much regard was paid to the mode in which relief was asked that however meritorious the cause of action, a mistake in the exact manner of seeking

the remedy sent the plaintiff out of Court. The common sense of mankind and the intelligence of the age have caused the old system to be abrogated in the large majority of States and Countries of the English speaking race—indeed it was never in force in any other. It was abolished in this State over a quarter of a century since.

The gist of the present action is that the defendant was indebted to the plaintiff $75, due for rent. Incidentally the plaintiff asked, or might be construed as asking, for claim and delivery of the crop, which is not alleged to be worth "not more than fifty dollars." The Justice of the Peace properly ignored the ancillary remedy of which he would have had no jurisdiction, and rendered judgment for the amount of rent found to be due, $36.87. *Starke* v. *Cotten*, 115 N. C., 81. In that case, the action was for $70.80 for "damages for breach of a contract" as to the delivery of certain tobacco, and to subject the proceeds of the sale of the tobacco. It was held that while the justice had no jurisdiction of the latter, "the damages for breach of contract" being *ex contractu*, the justice properly retained jurisdiction and rendered judgment for the debt. It is true that in the present case the summons recites that the defendant "wrongfully retains" the crop on which $75 is due for rent. The same words were used in *Deloatch* v. *Coman, supra*, and the Court held that this was the basis for claim and delivery, *Code*, Sec. 322 (2), but that the justice retained jurisdiction to render judgment for the debt, less than two hundred dollars, though he did not have power to grant the claim and delivery for the property, which was in excess of $50.

In the present case, the court below erred in dismissing the action, and that is the only point before us. To prevent misconception, however, we notice that the justice not only gave judgment for the debt and adjudged that it was

due for rent—as he might have adjudged that it was due by open account, or on a bond, or on a promissory note —but he went further and adjudged that it was a lien on the crop. This was unnecessary, and must be held mere harmless surplusage, as the statute made it a lien. *Code*, Sec. 1754. The lien was the result, and no valid part, of the judgment declaring the amount of the indebtedness and that it was due for rent. *Code*, Sec. 1754; *Wilson* v. *Respass*, 86 N. C., 112. There is analogy on the criminal side of the docket, where disfranchisement of one convicted of a felony is held to be the effect of the sentence, and no part of it. *State* v. *Jones*, 82 N. C., 685. So here, the lien on the crop is the effect, but no part of the judgment that the defendant is indebted, in the amount named, for rent. The plaintiff did not ask for a judgment declaring it a lien, and, if he had, it would not have destroyed the jurisdiction to grant the valid demand for judgment for the sum due. Because a judgment for the amount due for rent ascertains the extent of the lien on the crop does not throw every petty dispute about rent into the Superior Court. This would virtually be a denial of justice in the majority of instances, for the amount would usually not justify seeking relief in that forum. In truth, the lien exists by virtue of the statute before and independent of the judgment, and even if no judgment is ever rendered. The judgment simply ascertains the amount of rent due.

Reversed.