### C. F. OSBORNE v. CATAWBA FURNITURE COMPANY.

*Practice—Appeal from Justice's Court—Notice of Appeal.*

Where a Justice of the Peace delayed rendering judgment until after the trial and the defendant (the party cast) hearing of the judgment served a written notice of appeal on the plaintiff and the Justice, on demand of defendant and the payment of his fees, made up the case and sent the same to the Superior Court where it was docketed, it was error in the Judge below to dismiss the appeal, on motion of the plaintiff, upon the ground that no formal notice of the appeal was served upon the Justice of the Peace and that no notice of appeal was given at the trial.

This was a case on appeal from a Justice of the Peace, and heard before *Greene, J.,* at Fall Term, 1897, of McDowELL Superior Court.

The plaintiff moved the Court to dismiss the appeal, for the reason that there was no notice of appeal served on the Justice of the Peace, no notice having been given in open Court before the Justice. The appearance of the plaintiff was a special one for the purpose of making the motion to dismiss the appeal.

It appearing to the Court from the records that there was no notice of appeal served on the Justice of the Peace, and no notice given in open Court before the Justice of the Peace, the Court allowed the motion and dismissed the appeal.

*Mr. E. J. Justice,* for plaintiff.
*Mr. P. J. Sinclair,* for defendant (appellant).

FURCHES, J.: This appeal does not present the merits of the controversy between the parties. The plaintiff brought an action against the defendant before a Justice of the Peace. The parties appeared at the time and place named in the summons and proceeded to trial. The Justice, not being ready at the hearing to render his judgment, held the same

under advisement. This he had a right to do. *Reeves* v. *Davis*, 80 N. C., 209. But when he rendered his judgment he should have notified the parties. *Reeves* v. *Davis, supra.* This he did not do. But, as is shown, the defendant against whom the judgment was rendered, lost nothing by this neglect of the Justice of the Peace who tried the case. The judgment not being rendered at the trial, no appeal was taken then. But the defendant, finding out that judgment had been entered against it, caused a written notice of appeal to be served on the plaintiff's attorney within less than ten days from the date of the judgment, which it filed with the Justice, and which is returned with the papers to the Superior Court.

The defendant also paid the Justice 30 cents, his fee, for making out the transcript on appeal to the Superior Court; whereupon, the Justice made out the case on appeal and sent it to the Superior Court. But when Court came on to be held for McDowell County, in which the appeal was docketed, the plaintiff enters a "special appearance" and moves to dismiss the appeal because the defendant had served no written notice of appeal upon the Justice who tried the case.

Upon this state of facts, the Judge allowed the plaintiff's motion and dismissed the appeal. In this ruling there is error. The plaintiff had notice of the defendant's appeal, so he had no ground to complain. The Justice had notice, though not in writing, as the notice served on the plaintiff was filed with him, and the defendant had been to him, demanded an appeal and paid him his fee for making up and forwarding the transcript on appeal to the Superior Court. The magistrate by this waived any further or more formal notice, and in fact made up and sent the appeal to the Superior Court. Then what difference did it make to the plaintiff, whether the Justice had a written notice of defendant's appeal or not?

The notices of appeals are no part of the case on appeal. The notice to the Justice is only for the purpose of getting the case into the Superior Court, and the purpose of this notice was served when the appeal got there. The notice to the appellee is only for the purpose of informing him that the appeal has been taken so that he may prepare for trial. This the plaintiff had, within the time prescribed by the Statute. What has he to complain of? All the statutory provisions with regard to appeals should be observed, so that the law may be properly administered. But such technical constructions as are contained in this ruling of the Court below would tend to defeat rather than promote the ends of justice.

The judgment of the Court below is reversed, and the defendant's appeal must be restored to the docket of the Superior Court for trial.

Error.