J. Y. McGEHEE v. A. F. BREEDLOVE et al.

(Decided May 17, 1898.)

*Action of Claim and Delivery—Jurisdiction—Non-Suit.*

1. Where, on the trial of an action brought in the Superior Court by a landlord against his tenant and the purchasers of the latter's tobacco crop to recover the crop or its value, it appeared from plaintiff's testimony that the tenant's contract was to pay him one-fourth of the crop or $200, it was error to non-suit the plaintiff upon the ground of a want of jurisdiction, since the action was not on the contract but for the possession of the crop.

2. Under the provisions of Section 1754 of *The Code*, a landlord who has agreed to take a portion of the crop, or a specified sum of money, as rental and has received a part of the rental in money, is entitled to the possession of the whole crop until his rent is satisfied.

CIVIL ACTION of claim and delivery tried before *Adams, J.*, and a jury at November Term, 1897, of GRANVILLE Superior Court. The facts appear in the opinion. On the trial the plaintiff's attorney admitted that the action was to enforce the payment of the sum of $200 due plaintiff for rent, less $35 paid before the commencement of the action. Thereupon, defendants moved to dismiss the action on the ground that the Superior Court did not have original jurisdiction of the same. The motion was allowed and plaintiff appealed.

*Messrs. R. C. Gulley* and *N. Y. Gulley* for plaintiff (appellant).

*Messrs. Edwards & Royster* and *A. A. Hicks* for defendants.

FURCHES, J.: The plaintiff rented his farm in Granville county to the defendant Breedlove for the year 1895, for which, he says in his complaint, said defendant was to pay him one-fourth of the crops raised thereon; that one-fourth of said crop in his opinion was worth four hundred dollars; that one of the crops raised thereon was tobacco, and that the defendant Breedlove, without paying the rent as he contracted to do, sold said tobacco to the defendants, Hunt & Williams, amounting to seven hundred dollars. The plaintiff claims that, under the landlord and tenant Act (Section 1754 of *The Code*), he is the owner of the crop (in this case the tobacco) until his rents are paid, and entitled to the possession thereof. He therefore demands the possession of the defendant Breedlove and the defendants Hunt & Williams, who purchased the tobacco from Breedlove.

On the trial the plaintiff, as a witness, testified that the defendant Breedlove was to pay him one-fourth of the crop or $200, and that defendant Breedlove had paid him $35. Upon this testimony of the plaintiff defendant moved to non-suit the plaintiff upon the ground of a want of jurisdiction. The Court sustained this motion, non-suited the plaintiff and he appealed. In this judgment there was error.

The Court and defendants' counsel seem to treat this as an action on contract—an action on debt—and relied on *Hargrove* v. *Harris*, 116 N. C., 418. In this mistake lies the error that led to the judgment of non-suit.

This is not an action upon contract, but an action for

the *possession of the tobacco*. It is true the plaintiff's right to the tobacco grew out of the contract of rental to the defendant Breedlove; but the action is not to enforce the contract, but to recover possession of property belonging to plaintiff, resulting from said contract. A buys a horse from B for which he pays B $100, and B is to deliver the horse to A at the end of six months. But B instead of doing so, sells him to C, and A brings his action for the horse, as the title of the horse was the result of his contract with B; but his action for the horse is not to enforce that contract. Indeed, it seems difficult to understand how this action could be considered an action on the contract with Breedlove, when the defendants Hunt & Williams, who bought the tobacco, are also made party defendants.

It makes no difference so far as the question of jurisdiction is concerned, whether the defendant Breedlove was to pay $200 and had paid $35, as the rental of said farm, or was to pay one-fourth of the crop, as the statute made the plaintiff the owner of the crop until the rent was paid. So *Hargrove* v. *Harris* is not in point.

If plaintiff had brought his action for $200, due by contract, as the rental of this farm for 1895, and had taken out claim and delivery proceedings, *Hargrove* v. *Harris* would have been in point and authority to sustain the judgment of the Court.

There is error in the judgment of the Court dismissing plaintiff's action, which will be restored to the docket for trial.

Error.