PATTERSON v. FREEMAN.

(Filed April 21, 1903.)

1. JUDGMENTS—*Evidence—Justices of the Peace—Record.*

A judgment of a justice of the peace is not competent evidence without proof of his handwriting.

2. JURISDICTION—*Justices of the Peace—Mortgages.*

A justice of the peace has jurisdiction of an action on a note given for a contract to convey land, the only defense being that payments had been made on the note.

ACTION by M. L. Patterson against R. C. Freeman, administrator of W. A. Jones and others, heard by Judge *H. R. Bryan* and a jury, at Spring Term, 1901, of the Superior Court of SURRY County. From a judgment for the defendants, the plaintiff appealed.

*Watson, Buxton & Watson,* for the plaintiff.
*Carter & Lewellyn,* for the defendants.

CONNOR, J. The plaintiff alleges that he contracted in writing to convey to W. A. Jones, deceased intestate of defendant Freeman, and ancestor of the other defendants, a tract of land, the boundaries of which are set out. That to secure the purchase money therefor said Jones executed his promissory note, upon which he afterwards recovered judgment before a justice of the peace—said judgment with interest, amounting to $190. That plaintiff has at all times been ready, willing and able to perform his part of the contract. That said Jones died leaving but a small amount of personal property wholly insufficient to pay his debts. That a sale of the said land is necessary to pay said note. He demanded judgment that the land be sold by a commissioner and the proceeds applied to the discharge of the note or judgment. The defendants heirs at law of W. A. Jones, file answers admitting the contract and denying that any judg-

ment was rendered on the note.   They allege that many pay-
ments have been made on the note and that there is a very
small sum, if any, now due thereon, and that the defendants
are ready, willing and able to pay the same.   They further
allege that as they are informed, the plaintiff did bring suit
against W. A. Jones upon the same obligation that he al-
leged W. A. Jones had executed to him and did obtain judg-
ment thereon, but that said judgment in no way affects the
rights of defendants; that a court of a justice of the peace had
no jurisdiction to enforce specific performance of a contract;
that the items of payment made by W. A. Jones on the pur-
chase money for said land are numerous and so complicated
that a reference is necessary to ascertain the exact amount
due, etc.   The administrator answers, admitting the several
allegations of the complaint.

The case on appeal states that "to establish his claim, the
plaintiff offered a judgment purporting to be signed by E.
F. Wall, a justice of the peace;" that the defendant objected
to the judgment upon the following grounds:

1.   First that the judgment was not properly proved.

2.   That a justice of the peace had no jurisdiction of the
subject matter of the action.

3.   That the justice undertook to declare the judgment a
lien upon land and that the judgment was for that reason
void.   His Honor sustained the objections and rendered the
following judgment: "This cause coming on to be heard, etc.,
upon the pleadings before me, and it is adjudged that the
judgment of E. F. Wall, justice of the peace, set out in the
plea be and the same is declared null and void," etc.   His
Honor thereupon ordered a reference to take and state an
account.   The plaintiff excepted and appealed.

The record leaves us in doubt as to the grounds upon which
his Honor's judgment is based.   If upon the ground that the
judgment was not proved, we would concur with him.   The

judgment of a justice is not such a record as entitles it to be introduced without proof of the handwriting of the justice who rendered it. *Reeves v. Davis,* 80 N. C., 209.

It seems, however, that his Honor was of the opinion that the justice did not have jurisdiction of the subject matter of the action. In this we think he was in error. While it is true that the justice had no jurisdiction to administer equitable relief, foreclosure of defendant's equity, and to order a sale of the land, he had jurisdiction of an action *in per sonam* or to hear and determine whether the defendant was indebted to the plaintiff—the amount claimed being less than two hundred dollars. If the defendant had desired to interpose any defense involving the title to land of which the justice had no jurisdiction, he may have done so, as provided by Section 836 of The Code, and the action, if it appeared upon the trial that the title to land was in controversy, would have been dismissed. It appeared from the answer that the only defense was that payments had been made on the note. The justice was competent to try that question. If the plaintiff had in his complaint asked for equitable relief, this would not have ousted the jurisdiction; the justice would simply have declined to hear and determine such question or grant such relief. The practice in such case is pointed out in *Deloatch v. Coman,* 90 N. C., 186; *Singer Mfg. Co. v. Barrett,* 95 N. C., 36; *Starke v. Cotten,* 115 N. C., 81; *Hargrove v. Harris,* 116 N. C., 418; *Proctor v. Finley,* 119 N. C., 536. The judgment recites that it is rendered upon the pleadings. While this would indicate that a motion to dismiss was made and sustained, it is evident from the "case on appeal" that this is an inadvertence. We would, however, be compelled to adopt the judgment as the basis of our ruling. In either aspect of the case, there was error in holding that the judgment was void. We can see no reason why, upon proper proofs the judgment is not competent evi-

dence of the amount due the plaintiff by W. A. Jones, under whom the defendants claim an interest in the land.    There must be a

New Trial.