Superior Court of Nash County *(Wimberly v. R. R.,* 190 N. C., 444, and 273 U. S., 673); and that the present action was instituted 18 August, 1928, and is likewise sought to be maintained under the Federal Employers' Liability Act.

A demurrer was interposed by the defendant upon the ground that the cause of action alleged in the complaint did not accrue within two years next preceding the institution of the action.

From a judgment sustaining the demurrer the plaintiff appeals, assigning error.

*Ward & Ward and H. P. Whitehurst for plaintiff.*
*Moore & Dunn for defendant.*

STACY, C. J., after stating the case: The demurrer was properly sustained on authority of *Belch v. R. R.,* 176 N. C., 22, 96 S. E., 640. Section 6 of the Federal Employers' Liability Act provides, among other things, "That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued," etc. There is no provision in this statute for extending the time within which suit may be brought by reason of a pending or former action and nonsuit suffered or entered therein. See, also, *Capps v. R. R.,* 183 N. C., 181, 111 S. E., 533.

Affirmed.

---

F. BLACKER v. E. M. BULLARD.

(Filed 6 March, 1929.)

**1. Justices of the Peace—Procedure in Civil Cases—Rendition of Judgment.**

A justice of the peace who takes the case before him under advisement and later renders judgment must notify the parties thereof to afford them opportunity to appeal in accordance with the provisions of the statute. C. S., 661, 1530.

**2. Justices of the Peace—Review of Proceedings—Recordari.**

Where a justice of the peace has taken a case under advisement and later renders judgment without notice to the defendant, the party against whom judgment is rendered, and the defendant does all that the law requires of him, after he had notice of the justice's judgment, to perfect his appeal to the Superior Court within the time required by statute, C. S., 661, 1530, and later has *recordari* issued from the latter court, the judgment appealed from will not be held as final.

APPEAL by plaintiff from *Clement, J.,* at June Term, 1928, of RICH-MOND.

Civil action to recover $34.50, the value of merchandise alleged to have been sold and delivered to the defendant by plaintiff.

From a verdict and judgment in favor of defendant, the plaintiff appeals, assigning errors.

*W. R. Jones for plaintiff.*
*J. C. Sedberry for defendant.*

STACY, C. J. Judgment for the plaintiff was entered in the court of a justice of the peace, but this was reversed when brought up on *recordari* and tried in the Superior Court, the jury having rendered a verdict for the defendant.

The only question presented is whether the judgment of the justice of the peace became final upon the defendant's failure to bring his appeal to the next ensuing term of the Superior Court. C. S., 661, and 1530. But his Honor finds that the defendant was misled by the justice of the peace, and that he did all that the law required of him after he had notice of the justice's judgment. In this we discover no error.

A justice of the peace is not obliged to render judgment at the conclusion of the hearing of a case, but he may take the same under advisement. *Reeves v. Davis,* 80 N. C., 209. When this is done, and judgment subsequently rendered, he should notify the parties of its rendition. *Osborne v. Furniture Co.,* 121 N. C., 364, 28 S. E., 362.

There is no reversible error appearing on the record, hence the verdict and judgment will be upheld.

No error.

———

EUGENIA M. SAWYER, MOTHER AND NEXT FRIEND OF IRIS C. LAND, AND S. B. SEYMOUR, REGISTER OF DEEDS OF CAMDEN COUNTY, v. ALVAH FLOYD SLACK.

(Filed 6 March, 1929.)

**1. Marriage—Annulment—Jurisdiction of Suit for Annulment.**

The courts of this State have jurisdiction of a suit to annul a marriage performed here, although the plaintiff was a nonresident of this State at the time of the commencement of the suit. C. S., 1658.

**2. Same—Annulment in Nature of Divorce.**

A suit to annul a marriage for statutory reasons is in the nature of an action for divorce, with the same procedure except that the affidavit setting forth the jurisdictional facts is not required.