TEEL *v.* KNOTT.

attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in both directions upon such highway: *Provided further,* that in no event shall any person park or leave standing any vehicle whether attended or unattended upon any highway bridge. . . . (c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

The defendant contends that under all the facts it came within the provisions of (c) quoted above.

"It is a well settled rule of practice and accepted position in this jurisdiction, that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and she is 'entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.' " *Nash v. Royster,* 189 N. C., at p. 410.

We think, from the above quoted statute and the facts disclosed by the record, the matter should have been submitted to the jury under proper instructions. As the case goes back to be tried by a jury, we will not discuss the facts. The judgment of the court below is

Reversed.

---

W. J. TEEL v. L. E. KNOTT.

(Filed 25 March, 1931.)

**Justices of the Peace E b—Application for writ of recordari held properly refused in this case.**

Where the appellant from the judgment of a justice of the peace has given notice of appeal and paid the justice's fee, together with the clerk's fee for docketing the appeal, but no appeal has been docketed in the Superior Court and no fee received by the clerk nor notice of appeal given him, and application for a writ of *recordari* after the lapse of ten terms of the Superior Court is properly denied. *Helsabeck v. Grubbs,* 171 N. C., 337, cited and applied; *Blacker v. Bullard,* 196 N. C., 696, cited and distinguished.

APPEAL by defendant from *Small, J.,* at September Term, 1930, of PITT.

Petition for *recordari* to bring case from court of justice of the peace to Superior Court of Pitt County for trial *de novo.*

The case was properly before the justice of the peace, who heard it and rendered judgment therein, 31 August, 1929, in the presence of the parties and their counsel. The defendant, through his counsel, in open court, gave notice of appeal, and paid to the justice his fee, together with the clerk's fee for docketing the appeal. No appeal has yet been docketed in the Superior Court of Pitt County, ten regular terms of which intervened between the rendition of the judgment in the justice's court and the filing of application for *recordari,* 10 September, 1930. The clerk of the Superior Court has received no notice of the appeal, and no fee for docketing same has been paid or tendered to him.

Upon the foregoing findings, which appear in the judgment of the Superior Court, the application for writ of *recordari* was denied.

*R. T. Martin* for *plaintiff.*
*John Hill Paylor* for *defendant.*

STACY, C. J. Affirmed on authority of *Helsabeck v. Grubbs,* 171 · N. C., 337, 88 S. E., 473, and *MacKenzie v. Development Co.,* 151 N. C., 276, 65 S. E., 1003.

*Blacker v. Bullard,* 196 N. C., 696, 146 S. E., 807, is distinguishable. Affirmed.

---

FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA AND RALEIGH BANKING AND TRUST COMPANY v. NELSON A. COURTWAY, HENRIETTA D. COURTWAY, EDWARD J. BARBER AND OAKLEY WOOD, AS EXECUTORS AND TRUSTEES OF THE ESTATE OF JAMES BARBER, AND J. B. THOMAS, AS EXECUTOR OF THE ESTATE OF J. C. THOMAS, J. TALBOT JOHNSON, S. B. RICHARDSON, W. A. WAY, S. O. MILLER, W. N. HUTT, M. H. FOLLEY, MARLBORO PEACH ORCHARDS, INC., AND J. McNEAL JOHNSON, DEFENDANTS.

(Filed 1 April, 1931.)

1. Frauds, Statute of, .E a—Signature of secretary in official capacity to minutes of board is not sufficient as signature of directors.

The minutes of a meeting of the board of directors of a corporation voting in favor of indemnifying its secretary against loss in assuming a corporate indebtedness, signed only by the secretary in his official capacity is not a sufficient writing to prevent the operation of the statute of frauds, it being necessary that the writing be signed by the party to be bound or by his authorized agent, and the payee of the note evidencing the indebtedness cannot hold them personally liable.